Bell et al., Appellees, *v.* Board of Trustees of Lawrence County General Hospital, Appellant.

(No. 72-399—Decided May 2, 1973.)

*Messrs. Moore, Wolfe & Boll, Messrs. Clayman, Jaffy & Taylor* and *Mr. Stewart R. Jaffy,* for appellees.

*Messrs. Edwards, Klein, Allen & Kehoe* and *Mr. Craig A. Allen,* for appellant.

CELEBREZZE, J. The second assignment of error in the lower court asserted that the board of trustees was estopped by virtue of its letter of November 10, 1967, from invoking the provisions of R. C. Chapter 4117. Although the Court of Appeals did not pass upon the question of estoppel, it is our conclusion that this argument is without merit.

There is no showing in the substantial transcript of testimony taken at the hearings that anyone relied to his detriment upon the board's letter of November 10, 1967. The letter explained that sick-slips would be required as proof of illness, otherwise the absence would be unauthorized. It stated that "* * * should you have unauthorized absence from your work for a period of 10 days, it is assumed that you have given up your job." The letter closed by urging the employees to return to work.

If there is anything in that letter, by direction or innuendo, which promises that R. C. 4117.01 to 4117.05, inclusive, would not be invoked for 10 days, we fail to see it.

In reversing the judgment of the Court of Common Pleas, the following language appears in the opinion of the Court of Appeals:

"In the first place we think that it was improper to appoint hearing examiners who were directly involved in the dispute.

"In the second place we accept with great hesitancy a record of proceedings which has not been properly authenticated.

"Lastly, we are of the view that public duties must be performed and governmental powers must be exercised by the officials or body designated by law and cannot be delegated to others, * * *."

However, the record is clear that the only objection made by the employees was to the delegation of authority. Lloyd E. Moore, an attorney for the employees, stated that he would "* * * enter objection to the hearing being held before the examiners or the people you have stated for the reason it will be an unlawful delegation of authority under * * * [R. C. 4117.01 to 4117.05, inclusive] * * *."

Although the hearing examiners, as administrators of the hospital, were involved in the dispute which led to the strike, they were ordered to make findings of fact only as to whether the employees had acted in violation of provisions of R. C. 4117.01 to 4117.05, inclusive. There is no showing of bias on the part of the hearing examiners; nor is there any allegation of lack of due process in the proceedings.

The record in this case is sufficient to raise clearly the issues in dispute; and the facts established by the record are sufficient for our determination of the issues raised. Since there is no record of testimony presented in the Court of Common Pleas, we rely upon the record we do have, i. e., the transcript of the testimony adduced at the hearing. As we have said, the facts are clear and the issues submitted for decision were sufficiently raised.

The decision of the Court of Appeals must be affirmed, if at all, upon the rationale that the "officials or body" to whom authority and duties are granted by law cannot delegate their duties or authority.

The Court of Appeals stated that "* * * public duties must be performed and governmental powers must be exercised by the officials or body designated by law * * *." If applied literally, that would foreclose public administra-

tion and cripple the ordinary operation of any county hospital.

In the operation of any public administrative body, subdelegation of authority, impliedly or expressly, exists—and must exist to some degree. The real issue for decision is at what point delegation must stop and the board itself must act. See *School Dist. of Adams* v. *Callahan* (1941), 237 Wis. 560, 297 N. W. 407; *Brennan* v. *Black* (1954), 34 Del. Ch. 380, 104 A. 2d 777. See, also, 1 Davis, Administrative Law Treatise, Chapter 9; Davis, Administrative Law Text (3 Ed.), Chapter 9.

In this case, the board of trustees empowered the hearing examiners to " * * * act as and represent the appointing authority in all hearings and administrative proceedings arising out of all appeals by employees discharged under Sections 4117.01 to 4117.05 of the Revised Code. * * *" The examiners held hearings, and made findings of fact which the board of trustees adopted.

R. C. 4117.04 provides that a public employee, whose actions constitute a "strike," as defined in R. C. 4117.01, "is on strike, provided that notice that he is on strike shall be sent to such employee * * *." Such employee may then request a hearing in order to show that he has not violated R. C. 4117.01 to 4117.05.

R. C. 4117.04 provides further that " * * * In the event of such request such officer or body shall within ten days *commence a proceeding* for the determination of whether such sections have been violated by such public employee, *in accordance with the law and regulations appropriate to a proceeding* to remove such public employee." (Emphasis added.)

The board of trustees took the position that the language, "commence a proceeding," means to "make a beginning," and that in appointing the examiners to conduct the hearings it did just that. It argues that its action is authorized by R. C. 339.06, which, in pertinent parts, provides:

" * * * The board of county hospital trustees shall have

the entire management and control of the hospital, *and shall establish such rules for its government * * * as are expedient.*
"* * *

"The board of county hospital trustees shall employ an administrator, and, upon the nomination by such administrator, *shall confirm the employment* of such physicians, nurses, and other employees as are necessary for the proper care, control, and management of such hospital and its patients, and the board of county hospital trustees shall fix their respective salaries and compensation. Any person, including the administrator, *may be removed* by the board of county hospital trustees at any time when the welfare of such institution warrants removal. * * *" (Emphasis added.)

R. C. 339.06 clearly indicates that the board of county hospital trustees is the ultimate authority for confirming employment, as well as for removing employees.

The question for determination resolves itself into a definition of the intent of the phrase, "in accordance with the law and regulations appropriate to a proceeding to remove such public employee," in the closing lines of R. C. 4117.04, as quoted above. We find that the board of trustees is obliged to "commence" the proceedings within the 10-day period, and that the word "commence" is not synonymous with the word "hold."

The extent of the authority in the board of trustees to "establish such rules for its [the hospital's] government * * * as are expedient" is sufficiently broad to cover a delegation of this type.

When the General Assembly enacts a law to accomplish some purpose it either gives express power to carry out that purpose, or the power is implied from the practical necessity of the situation. In this case, the General Assembly has not seen fit to speak directly on the hearing procedure required under R. C. 4117.04.

However, we agree with Judge Stephenson in his dissenting opinion in the Court of Appeals, wherein he draws

an analogy to the following provisions of R. C. 143.27, prescribing the procedure to be followed in removal proceedings for *classified* public employees:

"* * * In the event such an appeal is filed, the board or commission shall forthwith notify the appointing authority and shall hear, *or appoint a trial board to hear*, such appeal within thirty days from and after its filing with the board or commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority * * *."

Although that section does not apply in the instant case because it is restricted to *classified* employees and "termination" under R. C. 4117 was not contemplated within it, the procedure prescribed therein is closely analogous to the procedure followed in the instant case. Under both statutes, the authority to conduct a hearing may be delegated, but the ultimate decision lies in a higher authority.

The board of trustees retained the power to adopt or reject, in whole or in part, the findings of the hearing officers and made the final decision on termination of employment.

We conclude that the board of trustees acted within its express and implied authority under R. C. 339.06 and R. C. 4117.04 in designating hearing examiners.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'Neill, C. J., Corrigan, Stern, W. Brown and P. Brown, JJ., concur.

Herbert, J., concurs in the syllabus and judgment.