IN RE PIRKO.

(No. 87AP-451 — Decided March 22, 1988.)

*Keating & Keating* and *Daniel G. Keating,* for appellant James J. Pirko.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Andrew I. Sutter,* for appellee Ohio Elections Commission.

HOFSTETTER, J. Appellant, James J. Pirko, has been a Trustee of Weatherfield Township in Trumbull County, Ohio, since 1980. In November 1985, one of his fellow trustees, George Buccella, was seeking re-election.

On November 3 and 4, Pirko caused a pamphlet to be printed and circulated which was designed to help cause the defeat of Buccella in his bid for re-election. The pamphlet, entitled "Examine the Evidence," stated in part that:

"Buccella arranged for a $1,000 contribution for the township from Sons of Italy Lodge 2356 which was

recently raided for illegal gambling operations.

"A stench producing asphalt plant was permitted (and possibly encouraged) to locate across the street from the Mineral Ridge High School.

"* * *

"Evansville School is still a safety hazard and a public disgrace because Buccella and Price refuse to take proper action. The township could have bought this abandoned building and approximately 3 acres of land for back taxes in 1983. Almost all of the purchase price would have been returned to the schools and the township. This land could have been sold or developed into a park.

"* * *

"Buccella and Price rejected a proposal to establish a fire inspection bureau which would have made possible the destruction of many abandoned buildings which blight our township, and would have improved fire safety for township residents and businesses.

"* * *

"Junk vehicles and other nuisances are evident throughout the township (including the back lot of Buccella's garage).

"Buccella had a police radio installed in his personal vehicle at township police expense * * * for $575.00."

The election was held November 5, 1985. Buccella lost. He thereafter filed a complaint with the Ohio Elections Commission alleging that Pirko had violated the Ohio election laws by having the pamphlet printed and by causing it to be distributed. Specifically, Buccella alleged that Pirko had violated R.C. 3599.091(B)(10), which then provided in pertinent part as follows (see 140 Ohio Laws, Part II, 4642, 4648-4649):

"(B) No person, during the course of any campaign for nomination or election to public office or office of a political party, by means of campaign materials, including sample ballots, an advertisement on radio or television or in a newspaper or periodical, a public speech, press release, or otherwise, shall knowingly and with intent to affect the outcome of such campaign do any of the following:

"* * *

"(10) Post, publish, circulate, or distribute a written or printed false statement, either knowing the same to be false or with reckless disregard of whether it was false or not, concerning a candidate that is designed to promote the election, nomination, or defeat of the candidate."

Buccella alleged in an affidavit which accompanied his complaint that the statements contained in the pamphlet were "* * * willful, wanton, and malicious false statements and misleading fabrication of factual data * * *." The commission held a hearing on the complaint on July 25, 1986. After evidence was presented by both the complainant and the appellant, the commission found a violation of R.C. 3599.091(B)(10) with respect to the statement that Buccella had rejected the fire inspection bureau proposal. The commission dismissed the complaint with respect to all other allegations, Buccella having failed to meet his burden of proving that Pirko's other statements were false.

Pirko appealed the commission's decision to the Franklin County Common Pleas Court pursuant to R.C. 119.12. The common pleas court affirmed the commission's decision and the appellant is now before us on a timely appeal of that affirmance. There is but one assignment of error presented for our review:

"The Court of Common Pleas erred to the prejudice of Appellant in affirming the finding of the Ohio Elections Commission that Appellant violated O.R.C. § 3599.091(B)(10)."

The common pleas court may properly affirm the order of an administrative agency if it finds upon consideration of the entire record that the order is supported by reliable, probative and substantial evidence and is in accordance with law. R.C. 119.12.

In examining the record before this court, the court finds there is reliable, probative and substantial evidence therein to support a finding that appellant caused the pamphlet in question to be printed and circulated, that he did so knowingly and with the intent to affect the outcome of Buccella's re-election campaign, and that such pamphlet contained a statement that Buccella had rejected a proposal to establish a fire inspection bureau. Appellant has never contested any of the foregoing facts. He has strenuously argued, however, that there is truth in his statement that Buccella rejected the proposal.

Prior to examining the record to determine whether there is sufficient evidence therein to support the commission's finding that Pirko's statement concerning Buccella's action on the fire inspection bureau proposal was false, this court must ascertain what is meant by a "false statement" as that term is set forth in R.C. 3599.091 (B)(10). The rules of statutory construction enacted by the legislature aid the court in this determination.

First, sections of the Revised Code which define "offenses" or "penalties" must be strictly construed against the state and liberally in favor of the accused. R.C. 2901.04(A). An "offense" is defined when one or more sections of the Revised Code state a positive prohibition or enjoin a specific duty, and provide a penalty for violation of such prohibition or failure to meet such duty. R.C. 2901.03(B). Ohio's Unfair Campaign Practices Act, R.C. 3599.091, prohibits certain unfair campaign practices and permits the Ohio Elections Commission to impose a fine of up to $1,000 upon an individual found to have violated the statute. The statute in question, therefore, defines an "offense" and must be strictly construed against the state and liberally in favor of the appellant.

Second, words and phrases contained in the Revised Code must be read in context and construed according to the rules of grammar and common usage. R.C. 1.42. In common everday usage, the word "false" has a clear and simple meaning. A statement is false when it sets forth matters which are not true. Statements without grounds in truth or fact are false statements.

An examination of the record discloses that the complainant in his affidavit stated the following with respect to his alleged rejections of the fire inspection bureau proposal:

"Affiant says that statements presented in Exhibit 'A' [the pamphlet in question] include the following language: 'Buccella and Price rejected a proposal to establish a fire inspection bureau which would have made possible the destruction of many abandoned buildings which blight our township, and would have improved fire safety for township residents and businesses.'

"Affiant says that *these statements* are designed to mislead the voting public because they *fail to provide the reason for rejection* of the proposal which was the lack of funds necessary to employ and pay for said fire inspectors. Affiant says that this wanton and willful language is a further attempt to mislead Weatherfield Township voters in that it was published with the intent and design to prevent voters from examining the records providing the proper answers to the *reason for rejection.*" (Emphasis added.)

The complainant, in his affidavit, tacitly admits he rejected the proposal. The following excerpt from his cross-

examination at the hearing provides this court with further indication that he rejected the proposal:

"Q. Your affidavit, item 27 states that the reason for the rejection of the proposal was lack of funds necessary to employ and pay for said fire inspectors.

"A. Un-huh.

"Q. That would indicate there was a rejection of the proposal at some time, would it not?

"A. At a later date, afterwards, not in the public meeting.

"Q. Do you disagree with the fact that this venture was abandoned or rejected in your own words? You had fire inspectors that were willing to do it for nothing as volunteers, Mr. Schnarrs and Ms. Seman?

"A. It was never done.

"Q. That agrees with what Mr. Pirko said?

"A. Uh-huh."

Pirko's statement was consistent with reality. The reliable, probative and substantial evidence does not support the commission's finding that Pirko's statement was false. Although not at a public meeting and albeit for arguably valid reasons, Buccella rejected the proposal for the fire inspection bureau. While Pirko's statement was potentially misleading and failed to disclose all relevant facts concerning Buccella's actions, it was not a "false statement" under R.C. 3599.091(B).

The decision of the commission being unsupported by the evidence, the lower court erred in affirming the decision. The appellant's assignment of error is sustained and the judgment below is hereby reversed.

*Judgment reversed.*

BOWMAN and BRYANT, JJ., concur.

EDWIN T. HOFSTETTER, J., retired, of the Eleventh Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.