UNIROYAL CHEMICAL COMPANY, INC., Appellee,

v.

KRON, Director, Lake County Department of Utilities, Appellant.

[Cite as *Uniroyal Chem. Co. v. Kron* (1996), 116 Ohio App.3d 655.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 96–L–109.

Decided Dec. 18, 1996.

*John E. Sullivan* and *Amy D. Klinek,* for appellee.

*Charles E. Courlson,* Lake County Prosecuting Attorney, and *Michael P. Brown,* Assistant Prosecuting Attorney, for appellant.

NADER, Judge.

This is an accelerated appeal from the Lake County Court of Common Pleas.

On May 8, 1995, appellant, Uniroyal Chemical Company, Inc. ("Uniroyal"), allowed approximately 250,000 gallons of untreated waste water to be discharged into the Lake County sewer system. The solids in the discharge interfered with operations at the Greater Mentor Wastewater Treatment Plant. Uniroyal failed to notify the county of the discharge as required by their pretreatment permit and county and state environmental regulations.

On June 23, 1995, the Lake County Sanitary Engineer, Albert J. Saari, assessed a $25,000 administrative fine against Uniroyal. Uniroyal appealed the fine to the Director of the Lake County Department of Utilities, Gary L. Kron, who affirmed the fine in a written decision dated November 3, 1995. Uniroyal then appealed to the Lake County Court of Common Pleas. The court first determined that the discharge was governed by the provisions of the 1994 version of Lake County's sewer regulations. The court subsequently vacated the administrative fine, holding that "the Sanitary Engineer's $25,000 fine against Uniroyal was improper and inconsistent with the Sewer Regulations." Kron appealed to this court and, in his only assignment of error, argues that the trial court incorrectly decided that neither he nor the sanitary engineer, Saari, had authority to levy this fine. We disagree.

In order to implement the federal mandate imposed when Congress enacted the Federal Water Pollution Control Act, the General Assembly passed the Ohio Water Pollution Control Act, R.C. Chapter 6111. By the provisions of R.C. 6111.03, the legislature required the Ohio EPA to establish a state-wide pretreatment program regulating the introduction of pollutants into a publicly owned (sewage) treatment works ("POTW") by industrial users. Under R.C. 6111.032(A), the legislature delegated primary authority to administer and enforce the regulations promulgated by the Ohio EPA to municipal corporations and the governing board of a county owning and operating a POTW.

Accordingly, the Ohio EPA promulgated a comprehensive set of regulations for POTW pretreatment programs, found in Ohio Adm.Code 3745-3-03 *et seq.* An

industrial user is required to notify a POTW when it discharges wastewater with enough solid material to disrupt its treatment operations. Ohio Adm.Code 3745–3–05. The Ohio EPA also established the procedural mechanisms by which the regulations are to be enforced. Ohio Adm.Code 3745–3–03(C) provides:

"A POTW pretreatment program must be based on the following legal authority and include the following procedures. * * *

"(1) * * * At a minimum, this authority shall enable the POTW to:

" * * *

"(f)(i) Obtain remedies for noncompliance * * * with any pretreatment standard and requirement. All POTWs shall be able to seek injunctive relief for noncompliance by industrial users with pretreatment standards and requirements. All POTWs shall also have authority to seek or assess civil or criminal penalties in at least the amount of one thousand dollars per day for each violation by industrial users of pretreatment standards and requirements."

This section grants all POTWs [1] the power to (1) seek injunctive relief, (2) seek civil or criminal penalties, and (3) assess civil or criminal penalties. The last of these powers in effect constitutes authority to assess administrative fines against polluters.[2]

■ These provisions, taken together, confer an administrative-penalty authority on the governing board of the county having jurisdiction over the discharges of the Mentor Wastewater Treatment Works, which is, of course, the Board of County Commissioners of Lake County. While we accept the notion that the board of commissioners could have, in turn, delegated its enforcement power to an appropriate agent, such as the sanitary engineer, see *Bell v. Bd. of Trustees of Lawrence Cty. Gen. Hosp.* (1973), 34 Ohio St.2d 70, 74, 63 O.O.2d 115, 117, 296 N.E.2d 276, 278 ("In the operation of any public administrative body, subdelegation of authority, impliedly or expressly, exists—and must exist to some degree"), it must do so by resolution. We construe the 1994 sewer regulations, which were

---

1. A POTW is defined as the actual treatment works itself and as "the public authority which has jurisdiction over the indirect discharges to and the discharges from such treatment works." Ohio Adm.Code 3745–3–01(T). As if echoing R.C. 6111.032(A), the Administrative Code defines the "public authority" as the governing board of the county. Ohio Adm.Code 3745–3–01(BB).

2. The Administrative Code describes the third power listed as the "administrative penalty authority." Ohio Adm.Code 3745–3–03(C)(1)(f)(ii) (Director of Ohio EPA has discretion to review and increase any monetary penalty imposed by a local government).

adopted by a resolution of the Board of Commissioners, to be an attempt to delegate this authority. Section VII states:

"Any person * * * who willfully or negligently failed to comply with any provision of this resolution, * * * including * * * willful or negligent failure to provide notice of slug load discharges[,] shall be assessed civil/criminal penalties of $1,000.00 per day for each violation."

This sentence clearly refers to the administrative-penalty authority created in the Administrative Code and delegated to the board of commissioners. Unfortunately, the sentence is written in the passive voice. It is ambiguous because, although it indicates that a violator will be fined, it fails to indicate *by whom*.[3] A regulation which purports to empower an administrator to levy a fine must be strictly construed against the state. *In re Pirko* (1988), 44 Ohio App.3d 3, 5–6, 540 N.E.2d 329, 331–332. We hold that Section VII of the 1994 sewer regulations has failed to adequately delegate the administrative penalty authority to any particular county official. That power still resides in the Board of Commissioners of Lake County. Consequently, the sanitary engineer had no authority to assess this fine.

For the foregoing reasons, Kron's assignment of error is not well taken. The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

FORD, P.J., and CHRISTLEY, J., concur.

---

3. See K.K. DuVivier, Problems with the Passive Voice (1995), 24 The Colorado Lawyer 545; Charrow & Erhardt, Clear and Effective Legal Writing (1986) 106–107; Weihofen, Legal Writing Style (Ed.1980) 97 ("the passive voice is a weaker way of saying things than the active. It is also sometimes less clear. When, instead of that someone [is to do] something, you say that something [is to be] done, you may leave it unclear *by whom* [it is to be] done." [Emphasis *sic.*] ).