{¶ 38} The majority concludes the political advertisement at issue ("flyer") violates R.C. 3517.21(B)(1) by falsely implying the candidates listed in the flyer hold the offices associated with their names. Being unable to agree with the majority opinion, I respectfully dissent.
 {¶ 39} R.C. 3517.21(B) regulates false campaign speech. Most of the subsections under R.C. 3517.21(B) prohibit "false statements]" regarding certain topics or matters, such as the educational background and voting record of a candidate or public official. *Page 17 
See R.C. 3517.21(B)(2) and (9). R.C. 3517.21(B)(10) more generally prohibits false statements of fact concerning candidates. SeeMcKimm. The subsection at issue, R.C. 3517.21(B)(1), prohibits any person from knowingly, and with the intent to affect the outcome of a campaign, using the title of an office in a manner that falsely "implies that the candidate does currently hold that office." The parties dispute whether appellants used the titles of the offices the non-incumbent candidates were seeking in a manner that falsely implies the candidates held those offices.
 {¶ 40} The term "false statement" has particular meaning within the context of campaign speech. A false statement "`sets forth matters which are not true,'" or "`[statements without grounds in truth or fact.'"Serv. Emp. Intematl. Union Dist. 1199 v. Ohio Elections Comm.,158 Ohio App.3d 769, 2004-Ohio-5662, at ¶ 18, quoting In re Pirko (1988),44 Ohio App.3d 3, 5. "[A] statement that is subject to different interpretations is not `false.'" Serv. Emp. Intematl. Union Dist. 1199, citing bothBriggs v. Ohio Elections Comm. (C.A.6, 1995), 61 F.3d 487, andMcKimm v. Ohio Elections Comm. (2000), 89 Ohio St.3d 139, at 147.
 {¶ 41} McKimm involved campaign material that depicted a human hand extending toward the reader and waving a bundle of cash underneath a table. The Elections Commission determined the material violated R.C. 3517.21(B)(10). In reviewing the matter, the Ohio Supreme Court determined a reasonable reader could attach only one meaning to the cartoon and accompanying text: the candidate's opponent accepted cash for his vote to award a lucrative, unbid construction contract. See id. at 146. Because the only reasonable interpretation was false, the court concluded the campaign material violated the statute. In reaching its decision, however, the Supreme Court specified that if *Page 18 
the "words are susceptible [of] two meanings, one defamatory and one innocent, the defamatory meaning should be rejected, and the innocent meaning adopted." McKimm, supra, at 146, quoting Yeager v. Local Union20 (1983), 6 Ohio St.3d 369, 372. As a consequence, a flyer does not falsely "imply" if it is subject to a reasonable, innocent construction.
 {¶ 42} The flyer here is subject to two different interpretations. Even if a reader arguably could interpret the flyer to indicate that at least some of the candidates then held the offices they were seeking, such an interpretation is not the only or even most reasonable one. A reasonable reader also could interpret the flyer to advocate a change in leadership, to set forth the slate of Democratic candidates seeking election to implement that change, and, like a sample ballot, to identify the candidates and the respective offices for which they were candidates in a manner that would assist the reader who is being urged to exercise the right to vote by mail. Indeed, I have some difficulty imagining how the flyer could be amended to negate the implication the majority finds without using "for," a measure the majority acknowledges is not necessary.
 {¶ 43} Because the flyer is susceptible of more than one reasonable interpretation about whether the candidates were incumbents, it does not communicate a "false statement" in violation of R.C. 3517.21(B)(1) or fall outside the protection the First Amendment affords. SeeMclntyre v. Ohio Elections Comm. (1995), 514 U.S. 334, 346,115 S.Ct. 1511; Serv. Emp. Intematl. Union Dist. 1199, supra; McKimm, supra (statements that are reasonably susceptible of an innocent construction are protected under the innocent-construction rule). *Page 19 
 {¶ 44} Alternatively, if R.C. 3517.21 is construed to encompass the flyer, then the statute would be unconstitutional as applied. InPestrak v. Ohio Elections Comm. (C.A.6, 1991), 926 F.2d 573, 577, the Sixth Circuit Court of Appeals concluded R.C. 3599.091(B)(10), currently codified as R.C. 3517.21(B)(10), is not unconstitutional on its face. Pointing, however, to what is now R.C. 3517.21(B)(1), Pestrak stated that "[c]ertain portions of the statute, not at issue here, may pose greater problems."
 {¶ 45} To apply R.C. 3517.21(B) in this situation would apply it to language that is not false, as the language does not falsely imply incumbency under the standard set forth in McKimm. While McKimm
acknowledged an implication in campaign material can constitute a "false statement" that violates R.C. 3517.21(B)(10), it did so when campaign material is subject to only one reasonable interpretation that, in turn, is false. Because the flyer here is subject to a reasonable, innocent interpretation, it is not false and therefore enjoys the protection theFirst Amendment affords. Thus, to interpret R.C. 3517.21(B) as applying to the flyer here renders the statute unconstitutional by applying it to political speech that, because it is not false, enjoys the protection the First Amendment affords.
 {¶ 46} Moreover, to so construe R.C. 3517.21(B)(1) violates a "well-settled principle of statutory construction that where constitutional questions are raised, courts will liberally construe a statute to save it from constitutional infirmities." State v.Sinito (1975), 43 Ohio St.2d 98, 101, citing State ex rel. ProspectHosp. v. Ferguson (1938), 133 Ohio St. 325; Wilson v. Kennedy (1949),151 Ohio St. 485. See, also, R.C. 1.42 (providing "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage," but "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be *Page 20 
construed accordingly"). R.C. 3517.21(B) need not be declared unconstitutional if it is interpreted to regulate only false speech and, as a result, not to apply to the language at issue.
 {¶ 47} To the extent appellants' first and fourth assignments of error contend the trial court erred in affirming the commission's order finding a violation of R.C. 3517.21(B)(1), I would sustain those assignments of error, rendering moot appellants' remaining assignments of error. See, e.g., Doucet v. Telhio Credit Union, Inc., Franklin App. No. 05AP-307, 2006-Ohio-4342 (recognizing that we need not address issues that a dispositive issue renders moot); App. R. 12(A)(1)(c).
 {¶ 48} Accordingly, I would reverse the judgment of the Franklin County Court of Common Pleas affirming the commission's determination that appellants violated R.C. 3517.21(B)(1) and would remand with instructions to reverse the commission's order. Because the majority does not, I dissent. *Page 1