**DAVIES, etc., Plaintiff-Appellant, v. COLUMBIA GAS & ELEC-
TRIC CORP., et al., Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 3861—Decided November 16, 1946.

John L. Davies, Jr., Columbus, Payer, Bleiweiss & Mollison,
Cleveland, Park Chamberlain, Chicago, Illinois, for plaintiff-
appellant, John L. Davies, and contra the motion.

Eagleson & Laylin, Columbus, Luther Day, Cleveland, for
defendant-appellee, The Ohio Fuel Gas Co. and for the motion.

## OPINION

By THE COURT:

Submitted on motion of The Ohio Fuel Gas Company, de-
fendant-appellee, for dismissal of the appeal for the reason
that the questions of law involved have become moot, as ap-
pears from the record, the affidavits of Chauncey I. Weaver
and Freeman Eagleson, and the exhibits thereto attached, filed
in support of the motion, and by other facts of which the Court
may take judicial notice.

The affidavits in support of the motion and, particularly, that of Mr. Weaver, in substance set out the history of proceedings before the Public Utilities Commission of Ohio upon complaint of the Columbus Gas and Fuel Company and the Federal Gas and Fuel Company and, later, the Ohio Fuel Gas Company, affecting ordinances of the City of Columbus of 1929 and of November 12, 1934, which ordinances fixed the gas rates to be charged consumers of gas by the companies furnishing such gas at the times involved. The proceedings were had and orders made in cases numbered 9149 and 9150 before said Public Utilities Commission, afterwards consolidated; also an order and amended order made by the Public Utilities Commission of Ohio in a proceeding designated as number 12022 on the docket of said Commission, pursuant to a schedule filed by defendant, the Ohio Fuel Gas Company, with said Commission. The litigation of the ordinances of the city of Columbus is traced and reference is made to certain Public Utilities reports and Supreme Court opinions wherein the rate questions were considered and determined. The dates of the orders of the Public Utilities Commission set out in the affidavit of Mr. Weaver were October 3, 1932, August 18, 1939, June 20, 1943, in proceedings numbered 9149 and 9150, and September 27, 1944 in proceedings numbered 12022.

The chronology of certain events is necessary to an appreciation of the question presented on the motion.

The original petition in this case was filed September 18, 1937.

On December 27, 1937, the Common Pleas Court sustained a demurrer to the petition, an order was entered on this ruling which was made the subject of an appeal to this Court.

On July 1, 1941, this Court dismissed the appeal for the reason that it was not directed to a final order. Thereafter this decision was journalized and the cause remanded. No party interposed objection to this dismissal and no error was prosecuted.

On the 6th of January, 1940, the plaintiff moved in the trial court for leave to file an amended petition.

On the 17th of August, 1945, the Common Pleas Court denied plaintiff's motion for leave to file amended petition as a class suit and dismissed his suit.

Thereafter, on the 7th day of September, 1945, plaintiff appealed on questions of law to this Court from the order dismissing his suit. This appeal is now pending.

The motion to dismiss which is now under consideration was filed on the 16th of March, 1946.

It is our opinion that if the motion to dismiss is an appropriate proceeding, it is not timely in this Court because

there has been no change in the status of the parties as to the subject matter of the suit between the date of the order of dismissal of plaintiff's suit in the Common Pleas Court and the date when the motion to dismiss was filed in this Court. All of the orders of the Public Utilities Commission, which are made a part of the affidavits in support of the motion to dismiss in this Court, were made long prior to the action of the trial court in dismissing plaintiff's suit and refusing to permit him to file his amended petition. It is true that the motion for leave to file the amended petition had been submitted to the Common Pleas Court prior to the latest order of the Public Utilities Commission set out in the affidavit but, if the claim of the moving defendant-appellee here is valid, it was available at all times after the date of said order and, if defendant intended to rely upon it, it was incumbent upon it to assert such claim at the first opportunity.

The said defendant having available the right to assert the mootness of the question, the subject matter of the suit, in the trial court, and having failed to present it, waived the right to assert it in this Court on this appeal. **Schick v Cincinnati, et al., 116 Oh St 16; Gary v May, 16 Ohio 66.**

"An appellate court does not decide questions which were not decided by, or contested in, the court from whose judgment the appeal is taken."

Fite v. Miller, 122 A. L. R., 446;
3 Am. Jur., pages 25, 59.

We have examined **Minor v Witt, 82 Oh St 237, Hughes v Board of Revision, 133 Oh St 559;** California v. Railroad Co., 149 U. S., 307; Brownlow v. Shorts, 261 U. S., 217; Hindman v. Owl Drug Co. (Cal), 50 Pac. (2d) 538, all the cases cited by counsel for movant to support the claim that the question before this Court is moot, except Mills v. Green, 149 U. S., 651, which we do not find. We have also examined Travis v. Public Utilities Commission cited in Hughes v. Board of Revision, supra, and find that in all of these cases, excepting only the last mentioned case, the facts upon which the last Court determined that the question before it was moot were developed by reason of or subsequent to the final order in the Court from which the review was prosecuted. In Hughes v. Board of Revision the fact which the Supreme Court held made the question moot was before the Board of Tax Appeals from which Board the appeal was prosecuted.

What we have heretofore said is completely dispositive of the motion to dismiss but we give some consideration to some other aspects of the subject matter of the motion.

"A 'moot case' is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy."

Ex Parte Steele, 162 Fed. 694, 702.

Courts do not concern themselves with controversies that are not justiciable. As this case now stands in this Court, there is no issue between the parties. The facts well pleaded in the amended petition are admitted. Unless and until there is such issue, a determination that if, and when, an issue arises it will be moot, is certainly premature.

The action of the trial court in refusing to permit the filing of the amended petition is tantamount to holding that it is not good as against general demurrer. The question sought to be raised by the motion at this time is but a moot question.

The subject matter of the affidavits supporting the motion does not make a moot case but is in the nature of res judicata. The Public Utilities Commission is an administrative body and not a court but it had exclusive jurisdiction, in the first instance, to make the orders set out in the affidavit, and unless reversed or modified they are valid and legal and have the effect of a court order. If reliance is to be placed upon these orders, they should be set up at the proper time, if it is reached in this case, as res judicata which is an affirmative defense.

23 O. Jur. 1077;

Meiss v. Gill, 44 Oh St 253;

Grant v Ramsey, 7 Oh St 158;

Fanning v Hibernia Ins'. Co., 37 Oh St 344;

Archer v. Brockschmidt, 5 O. N. P. 349;

Pokrandt v. Konorski, 17 O.C. C. (N. S.) 423;

Re Youtsey (D. C.) 15 O. L. R. 125;

Feazel v Feazel, 5 Oh Ap 63;

Klein & Heffelman Co. v Peterman, 6 Oh Ap 145.

For a case holding specifically that the defense of res judicata, which could have been set up in the first court, cannot be asserted for the first time on review, see, Re Lowell A. Mayberry (Mass.), 105 A. L. R., 976; 3 Am. Jur., 66.

The numerous and voluminous briefs of the parties have been carefully considered and many of the cases therein cited

have been read. Questions which are pertinent to the appeal only have been urged and discussed at length as have many propositions which will become germane if an issuable cause of action is stated, defense asserted thereto and the cause comes on for trial on its merits. Manifestly, we have studiously avoided making any observations as to the merits of the respective claims of the parties on these subjects and have confined the consideration of this motion to legal principles which we feel are controlling in its determination.

The motion will be overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.