WAGNER et al., Appellees,

v.

CITY OF CLEVELAND et al., Appellants.

[Cite as *Wagner v. Cleveland* (1988), 62 Ohio App.3d 8.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 54509, 54510, 54623 and 54625.

Decided Dec. 27, 1988.

10

*David R. Harbarger* and *Michael C. Regulinski,* for appellees.

*Marilyn G. Zack,* Director of Law, *Barbara R. Marburger* and *Deborah A. LeBarron,* for appellants.

KRUPANSKY, Judge.

Plaintiffs Joseph Wagner and Laurence Wagner filed a notice of appeal in the Cuyahoga County Court of Common Pleas from an adverse ruling of the Cleveland Civil Service Commission, case No. 126227. Plaintiffs also filed in common pleas court an action for declaratory judgment, case No. 124412, which prayed for, *inter alia*, compensatory and punitive damages from the commission's decision. Plaintiffs' actions were consolidated by the common pleas court.

Pursuant to R.C. 119.12,[1] the trial court held a hearing on the briefs in plaintiffs' civil service appeal. On September 18, 1987, in case No. 126227, the court reversed the Cleveland Civil Service Commission's removal of the plaintiffs from the eligibility list. The common pleas court found as follows:

"1) The Commission's decisions were not based upon a preponderance of probative and substantial evidence; 2) the Commission's rules have no standards upon which psychologists act when assessing applicants; 3) since the psychologists' reports of applicants' qualifications lacked substantiated reasons for their conclusions, the Commission could not exercise their authority to accept or reject the appellants; 4) the Commission's removal of appellants from its eligibility list was an unlawful and unconstitutional delegation of its independent decision-making responsibility to the psychologists who tested and interviewed the appellants; and 5) Rules 4.30–F, 5.40 and 5.50 of the Civil Service Commission's rules are unconstitutional."

Also on September 18, 1987, the common pleas court journalized judgment in plaintiffs' declaratory judgment action, case No. 124412.

In plaintiffs' declaratory judgment action the court made the following findings and granted the following relief:

"1) defendants' decisions to remove plaintiffs from the eligibility list were declared null and void; 2) defendants were enjoined from removing plaintiffs' names from the list; 3) plaintiffs were to be reinstated on the list from which they had been removed; 4) the Commission's decision to remove plaintiffs from the list was arbitrary and in bad faith; 5) plaintiffs be enrolled into the next class of the Cleveland Police Academy; 6) the Commission's delegation of its decision making authority in removing plaintiffs for psychological reasons was unlawfully delegated by the Commission to the psychologist; 7) the psychological examinations in determining the fitness of applicants was [*sic*]

---

1. The statute states in part:
   "Unless otherwise provided by law, in the hearing of the appeal, the court is confined to the record as certified to it by the agency. * * *"

without objective criteria and was [*sic*] arbitrary; and 8) Civil Service Commission Rules 4.30–F, 5.40, and 5.50 are unconstitutional."

Defendants filed a timely notice of appeal and plaintiffs filed a timely cross-appeal.

The pertinent facts of these cases, which were consolidated on appeal, follow:

Joseph and Laurence Wagner are brothers who attempted to gain entry into the Cleveland Police Department by taking the civil service examination. The results of this examination disclosed Laurence Wagner was ranked fifth and Joseph Wagner was ranked tenth on the civil service commission's eligibility list.

Plaintiffs then were given psychological tests and interviews to determine whether they were qualified to become police officers. On October 8, 1985, both plaintiffs were found to be psychologically acceptable by two psychologists appointed by the commission's Doctors Robinson and Knott. On January 12, 1987, Joseph Wagner was found psychologically unacceptable after he was re-examined by Dr. Knott. On January 27, 1987, Dr. McCormac, another psychologist appointed by the commission, found Joseph Wagner acceptable but on January 27, 1987 Dr. McCormac changed his evaluation and found Joseph Wagner psychologically unacceptable. Dr. McCormac drew the same conclusions in regard to Laurence Wagner. As a result of the unacceptable psychological reviews, both plaintiffs were removed from the commission's eligibility list.

Plaintiffs appealed to the commission to reinstate their names onto the eligibility list. An oral hearing was held before the commission. After the hearing, the commission denied plaintiffs' request for reinstatement. Plaintiffs then filed their declaratory judgment action and their appeal in common pleas court.

Defendants assign eight errors on appeal. Plaintiffs assign one error on cross-appeal. Defendants' third and fifth assignments of error will be addressed first.

Defendants' third and fifth assignments of error follow:

"III. The trial court's orders enjoining the removal of the plaintiffs from the eligible list and reinstating them to the list were moot, the list having already expired as a matter of law."

"V. The trial court's order that the Wagners be enrolled in the police academy was an abuse of discretion."

Defendants' third and fifth assignments of error are meritorious.

Defendants argue, since the two-year period of this list's effectiveness had expired, the common pleas court erred when it ordered plaintiffs to be reinstated onto the same eligibility list, one and one-half months after the expiration date, from which they had been removed.

Actions become moot when resolution of the issues presented is purely academic and will have no practical effect on the legal relations between the parties. See *Central Motors Corp. v. Pepper Pike* (1983), 9 Ohio App.3d 18, 9 OBR 19, 457 N.E.2d 1178; *In re Bartlett* (1959), 108 Ohio App. 93, 9 O.O.2d 150, 161 N.E.2d 76; *Culver v. Warren* (1948), 84 Ohio App. 373, 39 O.O. 506, 83 N.E.2d 82; and *Davies v. Columbia Gas & Elec. Corp.* (1946), 47 Ohio Law Abs. 225, 70 N.E.2d 655. See, also, *State v. Berndt* (1987), 29 Ohio St.3d 3, 29 OBR 173, 504 N.E.2d 712.

A "controversy" exists for purposes of a declaratory judgment when there is a genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Burger Brewing Co. v. Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 63 O.O.2d 149, 296 N.E.2d 261.

In the case *sub judice,* a controversy arose when the plaintiffs were removed from the civil service eligibility list. This list had a two-year period of effectiveness as established by Civil Service Commission Rule 5.20.[2] The 1985 patrol officer eligibility list on which the plaintiffs were originally ranked expired July 31, 1987. One month and a half after the list expired, on September 18, 1987, the common pleas court ordered plaintiffs reinstated onto the original list from which they had been removed.

The common pleas court's authority to grant plaintiffs relief, *viz.,* returning plaintiffs' names to the list ended July 31, 1987 when the list expired. Simply stated, the subject matter of the court's order was moot when the court granted plaintiffs their requested relief, no live controversy existed between the parties in regard to the reinstatement of plaintiffs' names onto the expired eligibility list. There was no list. Since the list expired before the common pleas court rendered its judgment, placement of the plaintiffs' names onto the list would have no practical effect on the legal relations between the parties. Thus, the orders of the common pleas court

---

2. The rule states in part:
   "5.20 Duration of Eligible Lists. Eligible lists created by the commission shall remain in force *not longer than two years,* provided, however, that the commission may abolish any other than promotional lists by holding a new examination whenever in its judgment the interest of the public service makes such course desirable." (Emphasis added.)

reversing the commission's decision and granting plaintiffs' declaratory judgment were nullities.

Defendants also argue the common pleas court's order enrolling plaintiffs into the next class of the Cleveland Police Academy was an abuse of discretion since the Director of Public Safety of the city of Cleveland and *not* the Cleveland Civil Service Commission has the authority to select candidates to the police academy. Defendants' argument is persuasive.

The common pleas court's declaratory judgment order was an abuse of discretion because the court went beyond its judicial authority and interfered with the statutory and administrative power of the Public Safety Director to choose candidates from the eligibility list. As a result, the court usurped the authority of both the General Assembly to pass statutes governing administrative agencies and the commission to promulgate its own rules pursuant to legislative authority.

In the case *sub judice*, the common pleas court's remedial power was limited to the reinstatement of plaintiffs' names onto the eligibility list, provided the list was still viable. The common pleas court's actions were a usurpation of the General Assembly's authority since the administrative procedures were created by the General Assembly. There is no common-law basis for plaintiffs' administrative appeal which was strictly a statutory creation supplanted by administrative rulemaking. The common pleas court cannot usurp the power of the General Assembly. Thus, the common pleas court abused its discretion when it sought to usurp the rulemaking power of the commission and pursuant thereto the power of the Director of Public Safety of the city of Cleveland by placing defendants directly into the Cleveland Police Academy. Only the Director of Public Safety has the authority to select candidates to the police academy from the civil service commission's eligibility list. See Cleveland Codified Ordinance 135.01.

The common pleas court's authority was limited solely to reinstatement of the plaintiffs onto the eligibility list. However, this list had expired, thus mooting the controversy. The common pleas court's action in reinstating the plaintiffs to the eligibility list was a vain act and a nullity.

Accordingly, defendants' third and fifth assignments of error are well-taken and sustained.

Case dismissed as moot.

The remaining assignments of error will be addressed in compliance with App.R. 12(A).

Defendants' first assignment of error follows:

"Since the plaintiffs were pursuing an adequate administrative remedy the trial court erred by refusing to dismiss the action for declaratory and injunctive relief."

Defendants' first assignment of error lacks merit.

R.C. 2721.07 states:

"Courts of record may refuse to render or enter a declaratory judgment or decree when such judgment or decree would not terminate the uncertainty or controversy giving rise to the proceeding."

Further, the granting or denying of declaratory relief is a matter of judicial discretion. *Bilyeu v. Motorists Mut. Ins. Co.* (1975), 36 Ohio St.2d 35, 65 O.O.2d 179, 303 N.E.2d 871.

" 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

Civ.R. 57 states as follows:

"The procedure for obtaining a declaratory judgment pursuant to Sections 2721.01 to 2721.15, inclusive, of the Revised Code, shall be in accordance with these rules. *The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate.* The court *may advance* on the trial list the hearing of an action for a declaratory judgment." (Emphasis added.)

Thus, the issue is whether the trial court abused its discretion by finding it appropriate to render a declaratory judgment in the case *sub judice.*

It is not appropriate to bypass a special statutory procedure by means of a declaratory judgment action. *Iris Sales Co. v. Voinovich* (1975), 43 Ohio App.2d 18, 19, 72 O.O.2d 162, 163, 332 N.E.2d 79, 80–81. See, also, *Wagner v. Krouse* (1983), 7 Ohio App.3d 378, 7 OBR 479, 455 N.E.2d 717. To bypass an administrative agency's authority to decide an issue by filing a declaratory judgment action would circumvent the agency's authority in contravention of the power conferred to that agency by the General Assembly.

Under most circumstances, plaintiffs' attempt to bypass the civil service appeal procedure by filing a declaratory judgment would be inappropriate. However, in the case *sub judice*, plaintiffs' civil service appeal and declaratory judgment action were consolidated, decided together, and had similar findings and relief. Furthermore, no separate oral hearing was held on plaintiffs' declaratory judgment action and no new evidence was presented. The common pleas court relied on the record in the civil service appeal to render its decision in the declaratory judgment action. The common pleas court's

rendering of plaintiffs' declaratory judgment was not unreasonable, arbitrary or unconscionable under the circumstances and no bypass of a statutory procedure was accomplished. It is extremely interesting to note the common pleas court could have very easily, pursuant to Civ.R. 57, advanced this matter on the trial list and ruled prior to July 31, 1987, the expiration date of the eligibility list.

Accordingly, defendants' first assignment of error is not well-taken and overruled.

Defendants' second assignment of error follows:

"The trial court erred by entering declaratory judgment against the defendants sua sponte without the trial to which defendants were entitled under R.C. 2721.10."

Defendants' second assignment of error is without merit.

Defendants argue they were denied due process when the trial court entered judgment for the plaintiffs on their declaratory judgment action without the benefit of a hearing, bench trial, or any briefs or motions. Defendants' argument is unpersuasive since a hearing was held in these consolidated cases.

Defendants contend the case *sub judice* was not consolidated by the trial court. On March 20, 1987, plaintiffs filed a motion to consolidate their civil service appeal, case No. 126227, with their declaratory judgment action, case No. 124412. Plaintiffs' motion requested their declaratory judgment action be consolidated with their civil service appeal on grounds "that the issues of fact and question [*sic*] of law are identical." Defendants never responded to plaintiffs' motion to consolidate. On May 20, 1987, plaintiffs' motion was granted and the civil service appeal, case No. 126227, was transferred from the judge assigned to hear the administrative appeal to the judge assigned the declaratory judgment action.

Civ.R. 42(A) provides:

"Consolidation. When actions involving a common question of law or fact are pending before a court, that court after a hearing may order a joint hearing or trial of any or all the matters in issue in the actions; it may order some or all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

The consolidation of cases Nos. 126227 and 124412 was proper under Civ.R. 42(A) even though no oral hearing was held in the common pleas court since the defendants never responded to the motion. Local Rule 11(C) states in part:

"Each party opposing the motion * * * shall serve and file within seven (7) days thereafter, a brief written statement of reasons in opposition to the motion * * *."

If a party fails to respond to a motion within the seven-day time period set by Local Rule 11(C), the motion may be properly granted. *Ohio Furniture v. Mindala* (1986), 22 Ohio St.3d 99, 22 OBR 133, 488 N.E.2d 881. Furthermore, the common pleas court has discretion in interpreting its own local rules. *Paugh & Farmer, Inc. v. Menorah Home for the Jewish Aged* (1983), 15 Ohio St.3d 44, 15 OBR 142, 472 N.E.2d 704. Therefore, the common pleas court did not abuse its discretion when it granted plaintiffs' motion to consolidate since defendants failed to respond to plaintiffs' motion.

■ Hearings conducted by the court need not be "oral hearings." In fact, in the case *sub judice*, no oral hearing was requested on the motion to consolidate. Once plaintiffs' unopposed motion was granted, the common pleas court held a hearing on both actions. Pursuant to App.R. 9, we must presume regularity and assume the common pleas court considered all the material filed pursuant to the consolidated cases. Thus, the common pleas court did not *sua sponte* enter declaratory judgment against the defendants.

Accordingly, defendants' second assignment of error is not well-taken and overruled.

■ Defendants' fourth and eighth assignments of error follow:

"The trial court's ruling that the removals of appellees from the eligible list were in bad faith, arbitrary, and a gross abuse of discretion was unsupported by evidence."

"The lower court erred in ruling that the commission's decisions to remove the Wagners from the eligible list were unsupported by a preponderance of substantial, reliable, and probative evidence."

Defendants' fourth and eighth assignments of error lack merit.

When reviewing administrative decisions, R.C. 2506.04 provides as follows:

"The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. * * *"

"Arbitrary" has been defined as "without adequate determining principle; not governed by any fixed rules or standard." *Dayton, ex rel. Scandrick, v. McGee* (1981), 67 Ohio St.2d 356, 359, 21 O.O.3d 225, 226, 423 N.E.2d 1095, 1097.

In its September 18, 1987 order reversing the civil service commission's removal of plaintiffs from the eligibility list, the court found as follows:

"That the Commission's rules have no standards or guidelines upon which the psychologists act upon in assessing applicants. Lacking substantiated reasons in the reports in which the psychologists made their recommendations, the Commission could not exercise their [sic] authority to accept or reject the appellants."

Applying the definition of "arbitrary" to the case sub judice, it is concluded that the trial court, pursuant to R.C. 2506.04, found the defendants' removal of the plaintiffs from the eligibility list was arbitrary and unsupported by the evidence.

The commission's removal of plaintiffs from the eligibility list was based upon psychological evaluations conducted on the plaintiffs by Drs. James Knott and Orville McCormac. Only Dr. James Knott's report exhibited any objective criteria and operative facts in reaching his conclusions that plaintiffs were psychologically unacceptable. Dr. McCormac, however, used personal subjective guidelines to critique the plaintiffs. Dr. McCormac's report contained no objective criteria or reasons on which he based his opinion. For instance, after an interview with each plaintiff, Dr. McCormac rejected the plaintiffs' applications because "the data reflects a low probability that applicant has the requisite qualities to become a successful policeman." This conclusion was not substantiated by any objective criteria, facts or reasons.

The commission's reliance upon the psychological evaluations when deciding to remove plaintiffs from the eligibility list was arbitrary and unsupported by a preponderance of reliable evidence due to the subjective and arbitrary nature of one psychologist's report. Therefore, the common pleas court did not abuse its discretion when it found the commission's decision to remove plaintiffs from the list was arbitrary.

In addition, the commission failed to comply with its own rules requiring the use of two psychologists to remove plaintiffs from the eligibility list. Dr. Knott's report was really the only valid report since Dr. McCormac's report was merely a series of conclusions without factual foundation. Furthermore, the record reflects the testimony of Dr. Alexander, plaintiffs' expert, did not support the findings of the commission.

Therefore, the common pleas court did not abuse its discretion when it found the commission's decision to remove plaintiffs from the eligibility list was unsupported by a preponderance of substantial, reliable, and probative evidence.

Accordingly, defendants' fourth and eighth assignments of error are not well-taken and are overruled.

■ Defendants' sixth assignment of error follows:

"The trial court's ruling that the civil service commission may not lawfully delegate to psychologists the task of performing psychological evaluations is clearly erroneous."

Defendants' sixth assignment of error lacks merit.

Defendants argue the common pleas court erred in the declaratory judgment action when it found as follows:

"That the Commission's delegation of its decision making authority and independent discretion in removing applicants for psychological reasons has been unlawfully delegated by the Commission to the psychologists retained by the Commission."

Cleveland Civil Service Rule 4.30–F states:

"Psychological and/or Psychiatric Examination. Where included, the psychological and/or psychiatric examination shall be administered by the psychologist and/or psychiatrist examiner designated by the commission, only to those applicants receiving passing grades on the composite of the other required parts of the examination. Applicants rejected by the psychologist or psychiatrist examiner may, within (10) days following the placement of notification of rejection in the United States Mail, request reexamination. Failure to pass this examination shall disqualify the applicant for inclusion on the eligible list."

Plaintiffs argue Civil Service Rule 4.30–F improperly permits psychologists to unilaterally reject any person for failing to pass a psychological and/or psychiatric examination.

"In the operation of any public administrative body, subdelegation of authority, impliedly or expressly, exists—and must exist to some degree. The real issue for decision is at what point delegation must stop and the board itself must act." *Bell v. Board of Trustees* (1973), 34 Ohio St.2d 70, 74, 63 O.O.2d 115, 117, 296 N.E.2d 276, 278.

Civil Service Rule 4.30–F delegates to psychologists the authority to summarily remove applicants for failing the psychological test. Consequently, this rule removes the statutory authority of the civil service commission to determine which applicant shall be placed on the eligibility list and gives that authority to a commission-appointed psychologist. The commission's role in the selection process of civil service applicants is to determine whether the applicants are qualified to be placed on an eligibility list. The report of psychologists should be treated like any other expert testimony and not as a

sole determinant of an applicant's qualifications. The commission should consider all evidence relating to an applicant's psychological/psychiatric eligibility including the reports of its own commission-appointed psychologists and the reports of the applicant's psychologist/psychiatrist. Only then, coupled with all other relevant factors, should the determination of an applicant's qualifications be made by the commission.

Accordingly, defendants' sixth assignment of error is not well-taken and is overruled.

■ Defendants' seventh assignment of error follows:

"The trial court's ruling that Civil Service Rules 4.30–F, 5.40 and 5.50 are unconstitutional was an improper advisory opinion and unfounded."

Defendants' seventh assignment of error is meritorious.

Defendants argue the common pleas court erred by declaring certain civil service rules unconstitutional because these issues were not ripe for adjudication. Defendants' argument is persuasive.

■ All legislative enactments enjoy a presumption of constitutional validity. *Mominee v. Scherbarth* (1986), 28 Ohio St.3d 270, 274, 28 OBR 346, 349–350, 503 N.E.2d 717, 720–721. Furthermore, in order for a court to issue a declaratory judgment to determine the validity of an administrative agency regulation, a justiciable controversy must exist between adverse parties, and speedy relief must be necessary to preserve rights which may otherwise be impaired or lost. *Burger Brewing Co. v. Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 63 O.O.2d 149, 296 N.E.2d 261, paragraph one of the syllabus.

Although there was a justiciable controversy in the case *sub judice*, the constitutional issues were not ripe for decision since this controversy could be decided on non-constitutional grounds. See *Greenhills Home Owners Corp. v. Greenhills* (1966), 5 Ohio St.2d 207, 34 O.O.2d 420, 215 N.E.2d 403, paragraph one of the syllabus.

Neither the controversy nor any party's rights hinged upon the determination of constitutionality of the civil service rules since the common pleas court found Dr. McCormac's report to be a series of conclusions and thus the commission did not have two valid and proper psychologists' reports to consider. This finding was sufficient to dispose of the issues presented in the case *sub judice*. Thus, the common pleas court's ruling of unconstitutionality of these rules was an improper advisory opinion.

Accordingly, defendants' seventh assignment of error is well-taken.

For their cross-appeal, plaintiffs assign one error, which follows:

"The court abused its discretion in failing to award attorney fees to the plaintiff[s]."

Plaintiffs' assignment is without merit.

Plaintiffs argue since the common pleas court found the Cleveland Civil Service Commission acted in bad faith when it removed plaintiffs from the eligibility list, the common pleas court abused its discretion when it failed to award plaintiffs attorney fees.

In a declaratory judgment action, the court has inherent power under R.C. 2721.09 to assess the opponents reasonable attorney fees if a court finds that a party acted in bad faith. *G.S.T. v. Avon Lake* (1978), 59 Ohio App.2d 84, 89, 13 O.O.3d 142, 145, 392 N.E.2d 901, 904–905. R.C. 2721.09 provides in pertinent part as follows:

"Whenever necessary or proper, further relief based on a declaratory judgment * * * previously granted *may* be given. * * * " (Emphasis added.)

Due to the common pleas court's finding that defendants acted in bad faith and the authority given to the court under R.C. 2721.09, it is manifestly clear that the plaintiffs may have properly been awarded their attorney fees. However, the issue is whether the common pleas court abused its discretion when it failed to award plaintiffs attorney fees.

The term "abuse of discretion" connotes more than an error of law or of judgment, it implies an unreasonable arbitrary or unconscionable attitude by the court. *Blakemore, supra; Steiner v. Custer* (1940), 137 Ohio St. 448, 19 O.O. 148, 31 N.E.2d 855.

In the case *sub judice*, the common pleas court did not abuse its discretion in failing to award plaintiffs their attorney fees because plaintiffs did not follow the procedure set forth in R.C. 2721.09, which provides in part as follows:

"The application [for further relief] * * * shall be by petition to a court having jurisdiction to grant the relief."

The plaintiffs did not file a petition for attorney fees in their declaratory judgment action. Thus, the common pleas court was without jurisdiction to grant such further relief pursuant to R.C. 2721.09. A court's failure to act when it had no statutory authority cannot amount to an abuse of discretion.

Accordingly, plaintiffs' sole assignment of error is not well-taken and overruled.

*Judgment accordingly.*

PATTON, P.J., and DYKE, J., concur.