**TURNER, Appellee,**

v.

**CLEVELAND CITY SCHOOL DISTRICT BOARD OF EDUCATION, Appellant.**

[Cite as *Turner v. Cleveland City School Dist. Bd. of Edn.* (1995), 99 Ohio App.3d 666.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66994.

Decided Jan. 3, 1995.

*Schwarzwald & Rock, Eben O. McNair IV* and *Todd M. Smith,* for appellee.
*Wanda Rembert Arnold* and *George S. Crisci,* for appellant.

JAMES D. SWEENEY, Judge.

Defendant-appellant Cleveland City School District Board of Education ("board") appeals from the administrative decision of the trial court which, on cross-motions for summary judgment, reversed and remanded the decision of the city of Cleveland's Civil Service Commission ("commission"), thereby reinstating the name of plaintiff-appellee Dennis Turner ("Turner") to an eligibility list for promotion to the position of custodian.[1]  For the reasons adduced below, we reverse.

A review of the record on appeal indicates that Turner is employed by the board as an assistant custodian, and is covered by the collective bargaining agreement existing between the board and the union representing Turner. Turner applied for and passed the June 23, 1990 examination for the position of custodian with the tenth highest score out of the twenty-nine applicants, and was placed on the July 9, 1990 eligibility list.[2]  Thereafter, Turner received notification that his name had been certified by the commission to the board for consideration for the position of custodian.  Turner successfully interviewed at several schools with openings for the position of custodian.  Following those interviews, Turner met with Alvin Evans ("Evans"), Director of the board's Classified Personnel Division, on December 18, 1991, at which time Evans informed Turner that he would not be considered for the custodian position and

---

1.  The position of custodian is the highest ranking maintenance employee in a particular school.

2.  The eligibility list remains in force for no longer than two years.  Cleveland Civil Service Commission Rule 5.20.  Thus, the eligibility list in question expired no later than July 9, 1992.

was unfit because of two felony convictions on Turner's criminal record.[3] One of those convictions, carrying a concealed weapon, was listed by Turner on the examination application. The second conviction, forgery, was not listed by Turner on the examination application. This missing forgery conviction was discovered by the board during a routine background check of Turner's application after the examination application had been made.[4] Thus, Evans made the decision to pass over Turner for promotion because of (1) the inaccurate examination application and (2) the fact that Turner had been convicted for an offense of violence in 1989. At the time of Evans's action in mid-December 1991, Turner was second on the list of the top three remaining eligible applicants.

Turner appealed this decision to the commission. After a full hearing, the commission upheld the board's decision to pass over Turner. Turner next appealed to common pleas court on May 6, 1992, pursuant to R.C. 2506.01 *et seq.*, which, without opinion by status form entry, concluded that the board was without authority to remove Turner's name from the eligibility list for promotion to custodian and reversed and remanded the case to the commission "for an order consistent with the finding." This appeal followed presenting four assignments of error.

## I

"The common pleas court erred in not dismissing plaintiff's administrative appeal as moot because the eligibility list upon which he claims entitlement to an appointment has expired."

The board premises this assignment on the fact that the eligibility list in question expired no later than July 9, 1992, approximately two months after Turner filed his administrative appeal with the trial court. In addressing this assignment, we recognize the following language by Judge Krupansky, with Judges Dyke and Patton concurring, in *Wagner v. Cleveland* (1988), 62 Ohio App.3d 8, 13, 574 N.E.2d 533, 536–537, a case which similarly dealt with the removal of applicants' names from an eligibility list and the issue of mootness where the eligibility list, for entry onto the Cleveland police force, had expired prior to the trial court's judgment:

"Actions become moot when resolution of the issues presented is purely academic and will have no practical effect on the legal relations between the

---

3. Turner was convicted in October 1989, of carrying a concealed weapon, for which he was sentenced to one year of probation, and five counts of check forging in 1980, for which he was sentenced to two years of probation and ordered to make restitution.

4. When Turner was first hired by the board as an assistant custodian in November 1987, Turner did list on his job application the fact of the forgery conviction.

parties. See *Central Motors Corp. v. Pepper Pike* (1983), 9 Ohio App.3d 18, 9 OBR 19, 457 N.E.2d 1178; *In re Bartlett* [ (1958) ] (1959), 108 Ohio App. 93, 9 O.O.2d 150, 161 N.E.2d 76; *Culver v. Warren* (1948), 84 Ohio App. 373, 39 O.O. 506, 83 N.E.2d 82; and *Davies v. Columbia Gas & Elec. Corp.* (1946), 47 Ohio Law Abs. 225, 70 N.E.2d 655. See, also, *State v. Berndt* (1987), 29 Ohio St.3d 3, 29 OBR 173, 504 N.E.2d 712.

" * * *

"The common pleas court's authority to grant plaintiffs relief, *viz.*, returning plaintiffs' names to the list ended July 31, 1987 when the list expired. Simply stated, the subject matter of the court's order was moot when the court granted plaintiffs their requested relief, no live controversy existed between the parties in regard to the reinstatement of plaintiffs' names onto the expired eligibility list. *There was no list.* Since the list expired *before* the common pleas court rendered its judgment, placement of the plaintiffs' names onto the list would have no practical effect on the legal relations between the parties. Thus, the orders of the common pleas court reversing the commission's decision and granting plaintiff's declaratory judgment were nullities." (Emphasis added.)

In the case *sub judice*, the trial court's authority extended to reinstating the applicant's name to the eligibility list, assuming that the list had not expired. *Wagner, supra,* 62 Ohio App.3d at 13–14, 574 N.E.2d at 536–537. On the authority of *Wagner,* the common pleas court order of February 9, 1994, was a nullity due to the expiration of the eligibility list prior to that order, thus mooting the controversy. Accordingly, this assignment is affirmed and the judgment is reversed.[5]

*Judgment reversed.*

NAHRA, C.J., and WEAVER, J., concur.

---

**5.** The three remaining assignments of error provide the following:

II

"The common pleas court erred in concluding that the board of education had excluded plaintiff from the eligibility list because the board of education's decision not to promote plaintiff to a custodian position was within its legitimate discretion under the 'rule of three.' "

III

"The court of common pleas erred in concluding that any decision of the board of education and the commission to exclude plaintiff from the eligibility list was not authorized under the circumstances."

IV

"The common pleas court abused its discretion when it apparently ordered that plaintiff receive an appointment as a custodian with full back pay because plaintiff's only relief, if anything, is placement on the eligibility list."

These three remaining assignments are rendered moot due to the ruling on the first assignment of error.  Accordingly, the three remaining assignments will not be discussed.  App.R.  12(A)(1)(c).