OPINION
Defendant-appellant, David Allen Crawford, and plaintiff-appellee, Mariann Crawford, were divorced by judgment decree of divorce filed December 23, 1996. On December 30, 1996, appellant filed a motion in contempt against appellee in the Clinton County Court of Common Pleas, Domestic Relations Division. A hearing on the motion was conducted before a magistrate on February 10, 1997. The record shows that shortly after the hearing was adjourned, appellant, who was pro se, and appellee's counsel returned to the courtroom wherein in open court appellant voluntarily withdrew his motion for contempt and agreed to pay $250 in attorney fees to appellee's counsel.
The magistrate's decision was filed on February 24, 1997 and provides in relevant part:
 Mr. Crawford indicated to the Court on the record that he wished to withdraw his motion filed December 30, 1996 and that he would pay Mr. Manning's attorney fees of $250.00 and that further the parties would attempt to work out the transfer of the personal property items. The court accepted the voluntary withraw [sic] of the contempt motion and acknowledged Mr. Crawford's agreement to reimburse his wife $250.00 towards Mr. Manning's attorney fees.
 No further items remain pending in this case. This case is presently closed. * * *
Appellant filed objections to the magistrate's decision on March 6, 1997. By entry filed April 10, 1997, the trial court found that
 [A]fter the hearing on Defendant's motion which was held February 10, 1997 in front of the Magistrate the Defendant in open court, under oath voluntarily withdrew his December 30, 1996 contempt motion. The Magistrate acknowledged the voluntary withdrawal of Defendant's motion and noted it in the Magistrate's Decision filed February 24, 1997.
 After careful consideration and a review of the transcript supplied by the Defendant including pages 49-50 wherein the Defendant clearly states that he is withdrawing his motion the Court finds the Defendant voluntarily withdrew his pending contempt motion on February 10, 1997 in front of the Magistrate.
 Because the motion was withdrawn the Magistrate could not then order either party to pay attorney fees based upon that motion. The Court finds that no motions remain pending at this time. Costs are to be paid by the Defendant.
Appellant now appeals setting forth the following five assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT AND DENIED THE DEFENDANT-APPELLANT A FAIR TRIAL IN OVERRULING DEFEDNANT-APPELLANT'S [SIC] OBJECTIONS TO THE REPORT AND RECOMMENDATIONS OF THE REFEREE AND AFFIRMING THE REPORT AND RECOMMENDATIONS OF THE REFEREE IN THAT, AS SHOWN BY THE REFEREE'S REMARKS AND MANIFEST ATTITUDE AT TRIAL, THE REFEREE'S REPORT AND RECOMMENDATIONS, WHICH WERE AFFIRMED BY THE TRIAL COURT, WERE IMPELLED BY BIAS, PREJUDICE AND PASSION.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT, AND ABUSED ITS DISCRETION, AND DENIED THE DEFENDANT A FAIR TRIAL IN OVERRULING DEFEDNANT-APPELLANT'S [SIC] OBJECTIONS TO THE REPORT AND RECOMMENDATIONS OF THE REFEREE AND AFFIRMING THE REPORT AND RECOMMENDATIONS OF THE REFEREE IN THAT THE REFEREE FAILED AND/OR REFUSED PERMIT [SIC] DEFENDANT THE RIGHT TO CALL WITNESSES TO TESTIFY TO THE ISSUES RAISED IN HIS MOTION FOR CONTEMPT AGAINST PLAINTIFF. SUCH ERROR CONSTITUTES AN ABUSE OF DISCRETION AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS CONTRARY TO LAW.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT AND ABUSED ITS DISCRETION WHEN IT AWARDED ATTORNEYS FEES TO PLAINTIFF'S ATTORNEY WITHOUT CONSIDERING ANY EVIDENCE TO JUSTIFY THE AWARD.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY FAILING TO FIND PLAINTIFF IN CONTEMPT OF COURT AFTER DETERMINING THAT PLAINTIFF HAD NOT SUBSTANTIALLY COMPLIED WITH THE SPECIFIC TERMS OF THE DIVORCE DECREE.
Assignment of Error No. 5:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN ADOPTING THE REPORT AND RECOMMENDATION OF THE REFEREE WHEN THE MAGISTRATE'S CONCLUSIONS WERE CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. THE TRIAL COURT FAILED TO CONDUCT THE NECESSARY INDEPENDENT REVIEW REQUIRED BEFORE RULING ON THE OBJECTIONS.
After thoroughly reviewing the record, we find that this appeal is moot and, as a result, we decline to address appellant's five assignments of error. It is well-established that "[g]enerally, an appeal may not be based upon an abstract question devoid of a live controversy." Lorain Cty. Bd. of Commrs. v. United States Fire Ins. Co. (1992), 81 Ohio App.3d 263,266-267. A case is moot when it "seeks to get a judgment on a pretended controversy, when in reality there is none." Davies v. Columbia Gas Elec. Corp. (App. 1946), 47 Ohio Law Abs. 225, 228. Thus, while "[i]t is the duty of this court to decide actual controversies by a judgment which can be carried into effect," Knutty v. Wallace (1995), 100 Ohio App.3d 555, 558, it is not the duty of this court to consume time and effort to decide moot questions.
In the case at bar, the record unequivocally shows that appellant in open court and on record voluntarily withdrew his motion for contempt. Once he did so, there was no longer a live controversy and appellant cannot now be heard to complain. Appellant's five assignments of error are accordingly overruled and the judgment of the trial court is affirmed.
YOUNG, P.J., and POWELL, J., concur.