DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Ohio Attorney General Jim Petro ("Attorney General Petro") appeals from a declaratory judgment rendered in favor of Appellee, Mark Kuhar ("Mr. Kuhar") in the Medina County Court of Common Pleas.
 {¶ 2} This action began on April 5, 2006 when Mr. Kuhar filed an action for permanent injunction and declaratory judgment against Medina County Board of Elections and Attorney General Petro seeking to enjoin the Board of Elections from conducting an election for the position of Medina Municipal Clerk on November 7, 2006, permitted by R.C. 1901.31 ("Kuhar II"). Mr. Kuhar's complaint asked the trial court to find R.C. 1901.31 (as amended by Am. Sub. H.B. 66 (the "Budget Bill")) to be unconstitutional as in violation of Article II, Section 15(D) of the Ohio Constitution, aka "the single-subject rule." Specifically, Mr. Kuhar alleged that the Budget Bill improperly made the position of Medina Municipal Clerk of Court an elected position as opposed to its current status of an appointed position. The Budget Bill also increased the salary of the Medina Municipal Clerk.
 {¶ 3} On May 9, 2006, Attorney General Petro moved to dismiss the complaint for lack of standing to challenge R.C. 1901.31. The trial court denied Attorney General Petro's motion to dismiss on August 15, 2006, concluding that Mr. Kuhar had standing under the Public Action Exception [as hereafter defined] set forth inState ex rel. Ohio Academy of Trial Lawyers v. Sheward (1999),86 Ohio St.3d 451, 715 N.E.2d 1062.
 {¶ 4} On August 21, 2006, the trial court issued an order granting Mr. Kuhar's motion for permanent injunction holding that R.C. 1901.31 was unconstitutionally amended by the Budget Bill in violation of the single-subject rule (the "Final Order"). Attorney General Petro timely appealed the Final Order, raising three assignments of error.
 {¶ 5} It should also be noted that Mr. Kuhar filed an original action with the Ohio Supreme Court related to this same issue entitled State ex rel. Kuhar v. Medina County Board ofElections (2006), 108 Ohio St.3d 515, 844 N.E.2d 1179 ("KuharI"). In Kuhar I, Mr. Kuhar petitioned the Ohio Supreme Court for a writ of mandamus to prohibit the board of elections from conducting an election for municipal court clerk because R.C.1901.31, as amended by the Budget Bill was unconstitutional. The Supreme Court dismissed the action for lack of jurisdiction finding that Mr. Kuhar's complaint was really one for declaratory judgment and prohibitory injunction thereby precluding original jurisdiction before the Ohio Supreme Court, citing State ex rel.Mackey v. Blackwell, 106 Ohio St.3d 261, 2005-Ohio-4789.
 First Assignment of Error
"The trial court erred when it ruled that [Mr. Kuhar] had standing to challenge the constitutional sufficiency of R.C. 1901.31."
 {¶ 6} Attorney General Petro asserts that Mr. Kuhar did not have standing to bring Kuhar II because he did not assert the complaint as a taxpayer action, did not assert a direct or concrete injury as required under Sheward, and cannot avail himself of the Public Action Exception set forth in Sheward.
Furthermore, without a direct injury and/or standing, Mr. Kuhar cannot bring an action for declaratory judgment under Chapter 2721 of the Ohio Revised Code.
 {¶ 7} "The issue of standing is a threshold test that, once met, permits a court to determine the merits of the questions presented." Hicks v. Meadows, 9th Dist. No. 21245, 2003-Ohio-1473, at ¶ 7 citing Tiemann v. Univ. of Cincinnati
(1998), 127 Ohio App.3d 312, 325, 712 N.E.2d 1258. When one's standing is questioned, his capacity to bring an action is being challenged. State ex rel. Jones v. Suster (1998),84 Ohio St.3d 70, 77, 701 N.E.2d 1002.
 {¶ 8} "Standing" requires that: 1) a plaintiff suffered an actual injury, defined as an invasion of a legally protected interest that is concrete and particularized; 2) the alleged wrongful conduct be causally connected to the injury; and 3) it be likely that a favorable decision will redress the injury.Lujan v. Defenders of Wildlife (1992), 504 U.S. 555, 560-561,112 S.Ct. 2130.
 {¶ 9} A party has standing to assert a constitutional challenge to a statute where the litigant shows "that he or she has suffered or is threatened with direct and concrete injury in a manner or degree different from that suffered by the public in general, that the law in question has caused the injury, and that the relief requested will redress the injury." Sheward, at 469-470. It is undisputed that Mr. Kuhar did not and could not assert such direct, concrete injury.
 {¶ 10} However, in such cases, Ohio courts have found a litigant to have standing when the issues "sought to be litigated are of great importance and interest to the public." Id. at 471 (the "Public Action Exception"). The Sheward court went on to note the limits of the Public Action Exception stating that the Public Action Exception would not allow citizens to "have standing as such to challenge the constitutionality of every legislative enactment that allegedly violates the doctrine of separation of powers or exceeds legislative authority." Id. at 503-04. Instead, the court would "entertain a public action only `in the rare and extraordinary case' where the challenged statute operates, `directly and broadly, to divest the courts ofjudicial power,' and that it would `not entertain a public action to review the constitutionally of a legislative enactment unless it is of a magnitude and scope comparable to that of Am. Sub. H.B. No. 350." Smith v. Hayes, 2005-Ohio-2961, at ¶ 9, quoting Sheward, at 504.
 {¶ 11} The Public Action Exception, however, does not apply to declaratory judgment actions. As set forth in Sheward,
parties may avail themselves of the exception to the concrete injury rule where they are seeking a writ of mandamus, prohibition, or other extraordinary writs. Sheward, at 467-471.
 {¶ 12} Chapter 2721 of the Ohio Revised Code governs declaratory judgment actions. In order to maintain an action for declaratory judgment, a party must show that a real controversy exists between the parties, which is justiciable in character, and that speedy relief is necessary to the preservation of rights, which may otherwise be impaired or lost. Burger BrewingCo. v. Liquor Control Comm. (1973), 34 Ohio St.2d 93, 97,296 N.E.2d 261; Indiana Ins. Co. v. Forsmark, 160 Ohio App.3d 277,2005-Ohio-1635.
 {¶ 13} Mr. Kuhar does not have standing to bring a declaratory judgment action to challenge the Budget Bill because no real justiciable controversy exists. As with the analysis above related to common law standing, a declaratory judgment action lies when a party challenges a statute as it specifically applies to him or her. Karches v. City of Cincinnati (1988),38 Ohio St.3d 12, 16, 526 N.E.2d 1350; State ex rel. O'Connor v.Davis, 139 Ohio App.3d 701, 745 N.E.2d 494 (finding prosecutor had standing to bring declaratory judgment action challenging validity of an ordinance authorizing the general counsel to represent the county executive's office where the ordinance would diminish the prosecuting attorney's statutory duties).
 {¶ 14} Courts only have the power to resolve present disputes and controversies, but do not have the authority to issue advisory opinions to prevent future disputes. A real, justiciable controversy is a "genuine dispute between parties having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Wagner v. Cleveland
(1988), 62 Ohio App.3d 8, 13, 574 N.E.2d 533. The controversy must be a real or actual controversy. See Burger Brewing Co.,
at 97.
 {¶ 15} Mr. Kuhar has not asserted and, in fact, denies a direct and concrete injury to himself different than any injury to the general public. He has not established that he has a legal interest adverse to the Medina County Board of Elections and/or Attorney General Petro. As such, he cannot establish a real justiciable controversy and has no standing to bring a declaratory judgment action to challenge this particular statute.
 {¶ 16} We note that Mr. Kuhar has already attempted to stop the Medina County Board of Elections from conducting this election by filing a mandamus action with the Ohio Supreme Court. In Kuhar I, the Ohio Supreme Court noted that Mr. Kuhar's challenge to the Budget Bill was not the type of challenge that would trigger the Public Action Exception, stating that "any possible limited exception to the general rule prohibiting an extraordinary action in mandamus to challenge the constitutionality of legislation is inapplicable because this isnot a `rare and extraordinary case' in which the challengedstatute operates `directly and broadly, to divest courts ofjudicial power.'" Kuhar I, at ¶ 12, quoting Sheward, at 504 (emphasis added).
 {¶ 17} We agree with the Ohio Supreme Court that Mr. Kuhar's challenge to the Budget Bill is not the type of challenge that would trigger the Public Action Exception. The Budget Bill applies to one county and gives the voters of Medina County greater rights, i.e., the power to elect the municipal clerk of courts. Allowing Mr. Kuhar to prevail would actually disenfranchise voters. Further, the Budget Bill does not broadly and directly divest courts of judicial power. The act of appointing a clerk is an administrative act, not a judicial act. This is not a "rare or extraordinary" case similar to the state-wide tort reform act that was challenged in the mandamus and prohibition case of Sheward.
 {¶ 18} We find that Mr. Kuhar does not have standing to challenge R.C. 1901.31 as amended by the Budget Bill. Attorney General Petro's First Assignment of Error is sustained. Accordingly, the Final Order and the trial court's order denying Attorney General Petro's motion to dismiss are vacated and this matter is dismissed.
 Second Assignment of Error
"The trial court erred when it concluded that the amendments made to R.C. 1901.31 by House Bill 66 violate the single subject rule of the Ohio Constitution."
 Third Assignment of Error
"The trial court erred when it concluded that [Mr. Kuhar's] constitutional challenge to R.C. 1901.31 was not barred by the doctrine of laches."
 {¶ 19} Given our holding related to Attorney General Petro's First Assignment of Error, the Second and Third Assignments of Error are moot.
Judgment vacated, and case dismissed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Carr, J. Boyle, J. Concur