[Cite as *Chojnacki v. Mohr*, 2018-Ohio-1167.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STEVEN CHOJNACKI | | C.A. No.      16CA011021 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| GARY MOHR, et al. | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellees | | CASE No.      15CV186043 |

DECISION AND JOURNAL ENTRY

Dated: March 30, 2018

CARR, Judge.

{¶1}    Appellant, Steven Chojnacki, appeals the judgment of the Lorain County Court of Common Pleas.  This Court reverses and remands.

I.

{¶2}    In 1994, Chojnacki was convicted of seven counts of rape.  In regard to the first count where Chojnacki was convicted of rape of a minor under the age of 13 with a finding that the offense was committed with force, the trial court imposed a sentence of life imprisonment. The trial court imposed a sentence of not less than 10 but not more than 25 years imprisonment on each of the remaining six counts.  The trial court ordered that all of the sentences be served consecutively to each other.  Chojnacki received 83 days of jail-time credit.

{¶3}    On February 25, 2014, the Ohio Parole Board released its decision denying parole to Chojnacki and continuing further consideration of the matter until 2024.  Chojnacki filed a request for reconsideration that was promptly denied.

**{¶4}** Subsequently, on March 30, 2015, Chojnacki filed a lawsuit challenging the determination of his parole eligibility date. The named defendants in the lawsuit were the Ohio Department of Rehabilitation and Corrections ("ODRC"), as well as Gary Mohr, in his capacity as Director of the ODRC, Cynthia Mausser, in her capacity as Chief of the Ohio Adult Parole Authority, and Andre Imbrogno, in his capacity as Chairman of the Ohio Parole Board. Chojnacki requested a number of declarations relating to his parole eligibility status in addition to other relief. The defendants filed a timely answer.

**{¶5}** With leave of court, Chojnacki filed an amended complaint for declaratory judgment and further relief on August 17, 2015. Chojnacki asked the trial court to make the following declarations in the amended complaint:

> Declare that under prevailing Ohio law (R.C. 2929.41(E)(2) & R.C. 2967.13(F)), the aggregate indefinite prison term imposed upon [Chojnacki] by the Medina County Common Pleas Court in case no. CR-299909 upon which [Chojnacki] entered ODRC custody was and is: 15 years-to-life.

> Declare that [Chojnacki's] earliest eligibility for parole under prevailing Ohio law was in December, 2003.

> Declare pursuant to *State ex. rel. Keith v. Ohio Adult Parole Auth[.]*, 141 Ohio St.3d 375, 2014-Ohio-4270, that the parole hearing decision resulting from the February 11, 2014 parole hearing was based upon a "substantive error" and "erroneous information" concerning [Chojnacki's] minimum term of imprisonment and as a consequence [Chojnacki's] earliest parole eligibility[.]

**{¶6}** Chojnacki further asked the trial court to order the defendants to schedule a date for a new parole hearing and to order the ODRC to conform all of its computations of inmates' terms of imprisonment to the limitations imposed by former R.C. 2929.41(E) on the aggregation of multiple consecutive terms of imprisonment. Chojnacki also requested that the trial court assess court costs to the defendants and award him any other relief to which he is entitled under the law. The defendants filed an answer to the amended complaint and asserted that there was no miscalculation in determining when Chojnacki was first eligible for parole. The defendants

further asserted that the Ohio Parole Board had properly scheduled Chojnacki's first parole eligibility hearing for November 2013 and that the hearing had been rescheduled to February 2014 at Chojnacki's request.

{¶7} The parties proceeded with discovery. On April 25, 2016, the defendants filed a motion for summary judgment. Chojnacki filed a memorandum in opposition to the motion for summary judgment as well as a cross-motion for summary judgment against the defendants. The parties attached numerous exhibits to their respective summary judgment filings. Based on its determination that the defendants were correct in their calculation of Chojnacki's parole eligibility date, the trial court concluded that there was no justiciable controversy before the court. In light of this determination, the trial court granted the defendants' motion for summary judgment and denied Chojnacki's motion for summary judgment.

{¶8} On appeal, Chojnacki raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE JUDGMENT ENTERED BY THE TRIAL COURT IS CONTRARY TO LAW.

{¶9} In his sole assignment of error, Chojnacki contends that the trial court erred by denying his motion for summary judgment and entering summary judgment in favor of the defendants.

**Background**

{¶10} In their motion for summary judgment, the defendants filed a number of exhibits in support of their contention that, under the relevant statutes, Chojnacki's first parole eligibility hearing was properly calculated for November 2013. In support of his own motion for summary judgment, Chojnacki did not dispute the basic procedural facts of his case. Instead, Chojnacki

argued that under a correct application of the pertinent statutes his first parole eligibility hearing date should have been as early as seven years prior to the actual date of his hearing.

{¶11} In its August 29, 2016 journal entry disposing of this matter, the trial court acknowledged that there was a legal dispute between the parties, stating:

> The point of contention in this matter is the legal framework in calculating parole eligibility. [Chojnacki's] Amended Complaint is premised on his contention that Defendants misapplied the laws governing inmates serving minimum terms of imprisonment longer than 15 years. Defendants dispute [Chojnacki's] interpretation of these laws. As such, the dispute is one merely on the application of these laws and not upon any facts.

{¶12} The trial court went on to substantively analyze the issues presented in the amended complaint. Based in part on its application of the Tenth District's decision in *McMeans v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 98AP-42, 1998 Ohio App. LEXIS 5331 (Oct. 27, 1998), in addition to its consideration of numerous statutory provisions, the trial court ultimately concluded that the defendants had correctly calculated Chojnacki's first parole eligibility date. Based on its conclusion that the defendants had properly calculated the parole eligibility date, the trial court determined that there was not a justiciable issue before the court and, therefore, that Chojnacki's claim for declaratory judgment failed as a matter of law. The trial court further noted that Chojnacki's request for a declaration pursuant to *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, failed on the same basis. After noting that the case did not present a justiciable issue, the trial court denied Chojnacki's motion for summary judgment and granted summary judgment in favor of the defendants.

**Discussion**

{¶13} The Supreme Court of Ohio has held that a trial court's decision to grant or deny declaratory relief is reviewed for an abuse of discretion. *Mid-Am. Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, ¶ 14. An abuse of discretion is more than an error of

judgment; it means that the trial court was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶14} "A declaratory judgment action provides a means by which parties can eliminate uncertainty regarding their legal rights and obligations." *Heasley* at ¶ 8. As a general rule, "[w]hen a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order." *No-Burn, Inc. v. Murati*, 9th Dist. Summit No. 24577, 2009-Ohio-6951, ¶ 11, quoting *Bowman v. Middleburg Hts.*, 8th Dist. Cuyahoga No. 92690, 2009-Ohio-5831, ¶ 6.

{¶15} It is well settled that a party does not have standing to bring a declaratory judgment action when no real justiciable controversy exists. *Kuhar v. Medina Cty. Bd. of Elections*, 9th Dist. Medina No. 06CA0076-M, 2006-Ohio-5427, ¶ 13. Thus, "[i]n an action for declaratory judgment, the trial court must declare the rights of the parties or dismiss the complaint because either (1) no real controversy or justiciable issue exists between the parties or (2) the declaratory judgment will not terminate the uncertainty or controversy." *Velasquez v. Ghee*, 99 Ohio App.3d 52, 53-54 (9th Dist.1994), quoting *Miller v. Summit Cty. Bd. of Edn.*, 9th Dist. Summit No. 15847, 1993 Ohio App. LEXIS 2056, *3 (Apr. 7, 1993). "A real, justiciable controversy is a 'genuine dispute between parties having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Kuhar* at ¶ 14, quoting *Wagner v. Cleveland*, 62 Ohio App.3d 8, 13 (8th Dist.1988). "The controversy must be a real or actual controversy." *Kuhar* at ¶ 14, citing *Burger Brewing Co. v. Liquor Control Comm.*, 34 Ohio St.2d 93, 97 (1973).

{¶16} Here, the trial court abused its discretion in concluding that this case did not present a justiciable controversy. Chojnacki requested multiple declarations in his amended

complaint. Most notably, Chojnacki sought clarification regarding the length of his minimum term of incarceration as well as when he was first eligible for parole. The trial court analyzed these issues substantively and rejected Chojnacki's position regarding his parole eligibility date. Instead of formally declaring the rights and obligations of the parties, however, the trial court simply entered judgment in favor of the defendants on the grounds that there was not a justiciable issue before the court. Assuming without deciding that there was no error in the defendants' calculation of Chojnacki's parole eligibility date, such a determination would not support the trial court's ultimate conclusion that the case failed to present a "genuine dispute between parties having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Kuhar* at ¶ 14, quoting *Wagner*, 62 Ohio App.3d at 13. This case presented a live controversy as the parties sharply disputed when Chojnacki was first eligible for parole and whether Chojnacki was entitled to a second parole hearing in the immediate future. Under circumstances such as this where the declaratory judgment action presented an actual legal controversy, "the plaintiff [was] entitled to a declaration of the parties' rights." *Weyandt v. Davis*, 112 Ohio App.3d 717, 721 (9th Dist.1996). Accordingly, Chojnacki's assignment of error is sustained to the limited extent that this matter must be remanded for the trial court to declare the rights and obligations of the parties.

III.

{¶17} Chojnacki's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
CONCURS.

CALLAHAN, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

BARRY W. WILFORD, Attorney at Law, for Appellant.

MICHAEL DEWINE, Attorney General, and B. ALEXANDER KENNEDY, Assistant Attorney General, for Appellee.