OPINION *Page 2 
{¶ 1} Defendant-appellant Vincent Pina ("Pina") appeals from the judgment of the Court of Common Pleas of Hancock County sentencing him to an aggregate prison term of seventeen years and two months.
 {¶ 2} On October 20, 2003, Pina entered negotiated guilty pleas to one count of aggravated assault in case number 2002-CR-164, and in case number 2002-CR-69, one count of sexual battery, one count of aggravated burglary, and one count of kidnapping. The trial court on November 10, 2004, sentenced Pina to a total sentence of seventeen years and two months in prison. Pina appealed from this judgment. On June 27, 2005, this court affirmed the convictions and prison term, but remanded the matter because the trial court failed to properly impose post release control. Pina was resentenced on September 7, 2006, and was again sentenced to an aggregate prison term of seventeen years and two months in *Page 3 
prison. Pina appeals from this judgment and raises the following assignments of error.
 The trial court erred by imposing post release control.
 The trial court erred by imposing non-minimum, consecutive prison sentences.
 {¶ 3} The first assignment of error claims that the trial court erred by imposing post release control. Pina claims that the imposition of post release control violates the separation of powers doctrine. The basis for this argument is that the statute now permits anyone sentenced on or after July 11, 2006, to be subject to post release control regardless of whether the trial court notifies the offender of the possibility or not. R.C. 2929.14(F)(1). The statute permits the Adult Parole Authority to impose post release control even if the trial court did not impose it as part of the original sentence. Pina claims this authority violates the separation of power doctrine. This court does not need to address this argument because Pina lacks standing to raise it. "A party has standing to assert a constitutional challenge to a statute where the litigant shows that `he or she has suffered or is threatened with direct and concrete injury in a manner or degree different from that suffered by the public in general, that the law in question has caused the injury, and that the relief requested will redress the injury'". Kuhar v. Medina Cty. Bd. Of Elections, 9th
Dist. No. 06CA00076-M, 2006-Ohio-5427, ¶ 9 (citing State ex rel. OhioAcademy of Trial Lawyers v. Sheward (1999), *Page 4 86 Ohio St.3d 451, 715 N.E.2d 1062). Pina was ordered to serve mandatory post release control by the trial court. The trial court has authority to order post release control as part of the sentence. Thus, Pina has suffered no injury and cannot raise the issue. The first assignment of error is overruled.
 {¶ 4} In his second assignment of error, Pina claims that the trial court erred by imposing non-minimum, consecutive sentences.
 [T]he Supreme court has recently held in State v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E.2d 470, at syllabus # 7, that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." In addition, the Supreme Court stated "[o]ur remedy does not rewrite the statutes, but leaves courts with full discretion to impose prison terms within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings of fact that Blakely prohibits." Id. at ¶ 102. "Courts shall consider these portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively." Id. at ¶ 105.
 {¶ 36} In addition, Foster altered the appellate court's standard of review for sentencing appeals from "clear and convincing" to "abuse of discretion." Id. at ¶ 100, 102. Accordingly, we must review this sentence under the abuse of discretion standard. In order to find an abuse of discretion, we must find that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Page 5 
State v. Park, 3rd Dist. No. 3-06-14, 2007-Ohio-1084, ¶ 3
(citing State v. Ransom, 3rd Dist. No. 15-06-05,2006-Ohio-6490). A review of the record indicates that Pina committed his second series of offenses while on bond for the first offense. The first offense involved an incident where Pina struck his girlfriend in the hip and head with a golf club during an argument and caused serious physical harm to her. The second offense is one where Pina arrived at the home of his former girlfriend, placed duct tape over her mouth, held her at knife point, and threatened that she would not live through the night. Pina also sexually assaulted his former girlfriend. The report from the prison prior to Pina's resentencing indicated that Pina had refused to participate in any programs, including one for sexual offenders and anger management. In addition, Pina's second victim requested that he receive a sentence of 20 years in prison and reiterated the extreme effect Pina's crimes have had on her life. Pina also has a criminal history involving prior domestic violence offenses and criminal damaging besides the instant offenses. Based upon this evidence, the trial court's sentence was not arbitrary. The sentences were within the range of sentences permitted by law and the trial court has broad discretion to order the sentences to be served consecutively.
 {¶ 5} Additionally, Pina argues that the trial court's use of the Supreme Court's remedy required by Foster violates the Ex Post Facto and Due Process clauses of the U.S. Constitution. This court has previously addressed this very *Page 6 
issue in State v. McGhee, 3rd Dist. No. 17-06-05,2006-Ohio-5162. In McGhee, this court held that the holding inFoster does not affect a vested right or an accrued substantive right.McGhee at ¶ 23. The trial court has always had the right to impose more than the minimum sentence, thus the ruling in Foster did not change the rights of the defendant. Id. at ¶ 24. The only sentencing certainty is that the sentence will be within the statutory range. Id. Therefore, the trial court did not abuse its discretion and the second assignment of error is overruled.
 {¶ 6} The judgments of the Court of Common Pleas of Hancock County are affirmed.
Judgments affirmed.
 ROGERS, P.J., and SHAW, J., concur. *Page 1