OPINION *Page 2 
{¶ 1} Defendant-Appellant Tony Isaac appeals his felony sentence imposed by the Court of Common Pleas, Ashland County. The relevant facts leading to this appeal are as follows.
 {¶ 2} On March 24, 2003, a bill of information was filed against appellant on five counts of rape (R.C. 2907.02(A)(1)(b)) and one count of gross sexual imposition (R.C. 2907.05(A)(4)). On March 26, 2003, appellant pled guilty as charged. Via a judgment entry filed May 6, 2003, the trial court sentenced appellant to a five year prison term on each count of rape and a three year prison term on the count of gross sexual imposition, to be served consecutively, for a total aggregate term of 28 years in prison.
 {¶ 3} Appellant filed an appeal and this Court reversed in part for resentencing pursuant to State v. Comer, 99 Ohio St.3d 463,793 N.E.2d 473, 2003-Ohio-4165. See State v. Isaac, Ashland App. No. 03COA027. Upon remand, the trial court imposed the 2003 sentence terms without hearing and outside of appellant's presence. Appellant again filed an appeal. Upon review, we concluded the trial court had erred in resentencing appellant in absentia. See State v. Isaac, Ashland App. No. 04COA068,2005-Ohio-1724.
 {¶ 4} On October 5, 2006, following another appeal and remand for resentencing, this time pursuant to Foster, the trial court again imposed the 2003 sentence terms. Said sentencing included notification of five years of post-release control pursuant to R.C. 2967.28. We thereafter permitted a delayed appeal. He herein raises the following two Assignments of Error: *Page 3 
 {¶ 5} "I. THE TRIAL COURT ERRED BY IMPOSING POSTRELEASE CONTROL.
 {¶ 6} "II. THE TRIAL COURT ERRED BY IMPOSING NON-MINIMUM, CONSECUTIVE PRISON SENTENCES."
 I. {¶ 7} In his First Assignment of Error, appellant argues the trial court erred in imposing postrelease control ("PRC") upon remand.
 {¶ 8} R.C. 2929.14(F)(1), as amended by H.B. 137, reads in pertinent part as follows: "* * * If a court imposes a sentence including a prison term of a type described in this division on or after July 11, 2006, the failure of a court to include a post-release control requirement in the sentence pursuant to this division does not negate, limit, or otherwise affect the mandatory period of post-release control that is required for the offender under division (B) of section 2967.28 of the Revised Code. * * *."
 {¶ 9} Appellant herein challenges his PRC provision under the doctrine of separation of powers, i.e., on the basis that the amended version of R.C. 2929.14(F)(1), supra, "now authorizes the executive branch to impose the sanction without a court order." Appellant's Brief at 2. However, in order for appellant to have standing to raise this issue, he must show he is postured such that he has been affected as claimed by the amended statute. In this case, appellant's PRC obligation was duly rendered by the judicial branch via the trial court's sentencing entry of October 5, 2006. Appellant thus will not be permitted to raise, for purposes of this appeal, a purely theoretical claim that the purported empowerment of the executive branch in R.C. 2929.14(F)(1) is *Page 4 
constitutionally infirm. Accord State v. Pina, Hancock App. Nos. 5-06-55, 5-06-56, 2007-Ohio-4486, ¶ 3.
 {¶ 10} Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 11} In his Second Assignment of Error, appellant contends the trial court erred in imposing non-minimum, consecutive sentences upon remand. We disagree.
 {¶ 12} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found certain provisions of Ohio's sentencing statute unconstitutional pursuant to Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, because said provisions required judicial factfinding to exceed the sentence allowed simply as a result of a conviction or plea. To remedy Ohio's felony sentencing statutes, the Ohio Supreme Court severed the Blakely-offending portions that either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption. Foster at ¶ 97.
 {¶ 13} The crux of appellant's present argument is that theFoster remedy, i.e., his resentencing upon remand, violates his constitutional due process rights and constitutional protection from ex post facto laws. However, this Court exhaustively addressed the same issue in State v. Paynter, Muskingum App. No. CT2006-0034,2006-Ohio-5542. Based upon our holding in Paynter, we find the sentence imposed in the case sub judice did not violate appellant's rights under the due process or ex post facto clauses of the United States Constitution. *Page 5 
 {¶ 14} Appellant's Second Assignment of Error is overruled.
 {¶ 15} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
 Wise, J. Farmer, P. J., and Delaney, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.
 Costs to appellant. *Page 1