[Cite as *Langin v. Sheffield-Sheffield Lake Bd. of Edn.*, 2022-Ohio-879.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| ZACKORY LANGIN | C.A. No.    20CA011710 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SHEFFIELD-SHEFFIELD LAKE BOARD OF EDUCATION | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO CASE No.    20-CV-201228 |
| Appellee | |

DECISION AND JOURNAL ENTRY

Dated: March 21, 2022

SUTTON, Judge.

{¶1} Plaintiff-Appellant, Zackory Langin ("Mr. Langin"), appeals the judgment of the Lorain County Court of Common Pleas granting the motion to dismiss of Defendant-Appellee, Sheffield-Sheffield Lake City School District Board of Education ("the Board"). For the reasons that follow, this Court affirms.

I.

**Relevant Background**

{¶2} The present appeal arises from a complaint filed on June 1, 2020, in Case No. 20CV201228, by Sherrie Ann Langin, William Ernest Langin, Mr. Langin, and Joshua Ernest Langin, the minor child of Sherrie Ann and William Ernest Langin, against the Board. According to the complaint, Mr. Langin, and the other plaintiffs, challenged "the constitutionality of a student drug testing policy enacted by the [Board] on September 28, 2015, both facially and as applied." This same Board policy was challenged by Sherrie Ann and

William Ernest Langin, on behalf of Mr. Langin alone, in Case Nos. 16CV190139 and 17CV194118. The Langins voluntarily dismissed Case No. 16CV190139, and on January 7, 2020, the trial court dismissed Case No. 17CV194118, without prejudice, due to mootness. In the judgment entry dismissing Case No. 17CV194118, the trial court stated:

> [D]ismissal of this case [] is appropriate given [the Langins'] proposed [s]econd [a]mended [c]omplaint ("SAC"). [The Langins] allege in the proposed SAC that [Mr. Langin] [] has now reached the age of 18 and is competent to bring the claims set forth [] in his own right. Moreover, [the Langins] allege that the new-party [p]laintiff, Joshua [Ernest] Langin, [] *is a twelfth grader at Brookside [] and that he is [] currently subject to [] [t]he [p]olicy.*

(Internal citations and quotations omitted.) (Emphasis added.) The Langins did not appeal the dismissal of Case No. 17CV194118.

{¶3} The June 1, 2020 complaint, in Case No. 20CV201228, sought an injunction against the Board as to the enforcement of the student drug testing policy and a declaration that the policy is unconstitutional on its face and as applied. Additionally, the complaint sought declaratory judgment that the student drug testing policy is in conflict with other board policies. Lastly, the complaint sought damages "in an amount sufficient to fully and fairly compensate [Mr. Langin and Joshua Ernest Langin] for their damages resulting from the alleged violations of their rights secured by the Ohio Constitution[,]" attorney fees, and litigation expenses.

{¶4} Importantly, the complaint indicated Mr. Langin graduated from Sheffield-Sheffield Lake City School District in 2019 and Joshua Ernest Langin graduated from Sheffield-Sheffield Lake City School District on May 23, 2020, prior to the filing of the complaint on June 1, 2020. Thus, at the time the Langins filed the new complaint, neither Mr. Langin, nor Joshua Ernest Langin, were subject to the requirements of the Board's student drug testing policy.

## The Motion to Dismiss

{¶5}  On August 27, 2020, the Board filed a motion to dismiss the complaint filed in Case No. 20CV201228, pursuant to Civ.R. 12(B)(1) and (6), based upon mootness, lack of justiciable controversy, qualified immunity, and no private cause of action for damages under Ohio's Constitution.  The Board contended:

* * *

The Langins had four years to raise constitutional challenges to the [Board's] policies.  At this point, both boys have graduated. [] No live controversy remains for this [c]court to adjudicate, no mootness exceptions apply, and no relevant constitutional provision creates a private cause of action for the Langins' claims. Finally, the [Board] is entitled to immunity from the Langins' suit under Ohio's Political Subdivision Tort Liability Act.

* * *

Further, in its reply in support of the motion to dismiss, the Board specifically addressed the issue of *standing* as follows:

* * *

The Langins filed this suit after [Mr. Langin] and Joshua [Ernest Langin] were no longer District students which alone deprives them of standing, regardless of any mootness considerations or exceptions.  [The Langins] cannot establish standing absent a showing that they have suffered an injury: (1) fairly traceable to [the Board's] allegedly unlawful conduct; and *(2) likely to be redressed by the requested relief.*  [*Deutsche Bank Natl. Tr. Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, ¶ 20.]  Mootness is simply the requirement that the standing which existed when litigation began, continued throughout the progress of the case. [] *Although some exceptions to the mootness doctrine exist, no exception can save a dispute which became moot before litigation commenced.* [*Renne v. Geary*, 501 U.S. 312, 320 (1991).]  [The Langins] failed to invoke this court's jurisdiction before commencing litigation and *lack requisite standing* to file suit. The mootness exceptions claimed by [the Langins] are a red herring designed to mask their failure to timely commence suit.

* * *

(Emphasis added.)

## Journal Entry Dismissing the Langins' Complaint

{¶6}   In dismissing the Langins' complaint, the trial court explained, in relevant part:

* * *

Present in the instant case are the same basic issues that resulted in the involuntary dismissal of the 2017 case.  There, in raising its concerns that [Mr. Langin] no longer attends the [Board's] high school and thus is no longer subject to the [p]olicy, the [c]ourt directed the parties to focus on the issue of justiciability.  Justiciability and mootness continue to remain as issues, are closely intertwined but not identical.

* * *

Here, the 2016 case, 16CV190139, was voluntarily dismissed by [the Langins] on November 21, 2017.  The 2017 case, 17CV194118, was admittedly filed while [Mr. Langin] was a student; however, he graduated in 2019 before an involuntary dismissal of that case on January 7, 2020.  Joshua [Ernest] Langin was not a party in the 2017 case.  *Additionally, when the present case was refiled on June 1, 2020, adding Joshua [Ernest] Langin as a plaintiff, neither [Mr. Langin] nor Joshua [Ernest] Langin were students of the [Board's] Brookside High[] School.*

* * *

(Emphasis added.)

{¶7}   Mr. Langin now appeals raising five assignments of error for our review.  To aide our analysis, we have combined certain assignments of error.[1]

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED IN GRANTING THE BOARD OF EDUCATION'S MOTION TO DISMISS ON THE GROUNDS THAT THE INSTANT MATTER WAS MOOT AND DID NOT MEET THE EXCEPTION TO THE MOOTNESS DOCTRINE THAT A CASE BE "CAPABLE OF REPETITION, YET EVADING REVIEW", WHICH**

---

[1] We note that only Mr. Langin has appealed the trial court's November 25, 2020 Judgment Entry.  Sherrie Ann and William Ernest Langin and Joshua Ernest Langin, Mr. Langin's brother, are not parties to this appeal.

**RESULTED IN A VIOLATION OF MR. LANGIN'S RIGHTS UNDER ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.**

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT ERRED IN GRANTING THE BOARD OF EDUCATION'S MOTION TO DISMISS ON THE GROUNDS THAT THE INSTANT MATTER WAS MOOT AND DID NOT MEET THE EXCEPTION TO THE MOOTNESS DOCTRINE THAT A CASE BE "OF PUBLIC OR GREAT GENERAL INTEREST", WHICH RESULTED IN A VIOLATION OF MR. LANGIN'S RIGHTS UNDER ARTICLE I, SECTION 2 OF THE OHIO CONSTITUION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.**

{¶8} In his first and second assignments of error, Mr. Langin argues the trial court erred in dismissing his claims against the Board as moot. However, because Mr. Langin lacked standing to commence this action for injunctive and declaratory relief against the Board, we confine our analysis on these assignments of error to the issues of justiciability and standing.

{¶9} As aptly stated by the Supreme Court of the United States "[j]usticiability concerns not only the standing of litigants to assert particular claims, but also the appropriate timing of judicial intervention." *Renne* at 320. Thus, "if a plaintiff lacks standing at the time the action commences, the fact that the dispute is capable of repetition yet evading review will not entitle the [plaintiff] to a [] judicial forum." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 191 (2000). "Standing doctrine functions to ensure, among other things, that the scarce resources of the [] courts are devoted to those disputes in which the parties have a concrete stake." *Id*.

{¶10} Indeed, "*standing to sue* is part of the common understanding of what it takes to make a *justiciable* case." (Emphasis added.) *Federal Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 21, quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998). Standing has traditionally been referred to as

"[w]hether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy[.]" *Id.*, quoting *Cleveland v. Shaker Hts.*, 30 Ohio St.3d 49, 51 (1987). As such, "[t]he issue of standing is a threshold test that, once met, permits a court to determine the merits of the questions presented." *Hicks v. Meadows,* 9th Dist. Summit No. 21245, 2003-Ohio-1473, ¶ 7. "Traditional standing principles require litigants to show, *at a minimum*, that they have suffered '(1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief.'" (Emphasis added.) *ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, ¶ 7, quoting *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, ¶ 22. Additionally, because standing presents this Court with a question of law, we review the matter de novo. *Zagrans v. Elek,* 9th Dist. Lorain No. 08CA009472, 2009-Ohio-2942, ¶ 7.

{¶11} Here, the record unequivocally reveals that, at the time the complaint in Case No. 20CV201228 was filed on June 1, 2020, Mr. Langin had graduated from high school and was no longer a student in the Sheffield-Sheffield Lake City School District.[2] Thus, Mr. Langin is no longer subject to the requirements of the student drug testing policy and can no longer suffer from any alleged adverse effects of the policy itself. Furthermore, a favorable outcome, in *this* matter, would not redress Mr. Langin's alleged injuries. Therefore, because Mr. Langin no longer has a sufficient stake to obtain judicial resolution of this controversy and lacks standing, the trial court did not err in dismissing the complaint for injunctive and declaratory relief. *See Federal Home Loan Mortg. Corp.* at ¶ 21.

{¶12} Accordingly, Mr. Langin's first and second assignments of error are overruled.

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED IN GRANTING THE BOARD OF EDUCATION'S MOTION TO DISMISS ON THE GROUNDS THAT MR. LANGIN FAILED TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED DUE TO THE BOARD OF EDUCATION BEING SUBJECT TO [R.C. 2744.02].**

{¶13} In his third assignment of error, Mr. Langin argues the trial court erred in granting the Board's Civ.R. 12(B)(6) motion. For the following reasons, we disagree.

{¶14} Mr. Langin, in his complaint, alleged a private right of action sounding in tort for damages solely resulting from the Board's adoption and enforcement of the student drug testing policy in alleged violation of his rights under Article I, Section 2 and Article 1, Section 14 of Ohio's Constitution. In so doing, Mr. Langin alleged "significant anticipated adverse long-term consequences" from non-participation in extracurricular activities. The Board moved to dismiss based upon immunity, pursuant to R.C. 2744.09, and because there is no private cause of action, under Ohio law, for a constitutional tort.

{¶15} The trial court granted the Board's motion to dismiss, stating, in relevant part:

* * *

[P]ursuant to (A)(3) and/or (A)(5) of [R.C. 2744.03], [the Board] is immune from liability inasmuch as (i) the [p]olicy was within its duties and responsibilities and/or (ii) any alleged loss resulted from the proper exercise of the [Board's] judgment or discretion in determining how to use its personnel, facilities and other resources. Additionally, [Mr. Langin] has not alleged the [p]olicy was a result of malice, bad faith or wanton or reckless conduct.

Moreover, neither [Article I, Section 2 nor Article 1, Section 14 of Ohio's Constitution] create any private right of action. The Ohio Supreme Court stated in *Provens v. Stark Cty. Bd. of Mental Retardation & Dev. Disabilities*, 64 Ohio

---

2 Although he is not a party to this appeal, Joshua Ernest Langin had also graduated and was no longer a student in the Sheffield-Sheffield Lake City School District at the time the June 1, 2020 complaint was filed.

St.3d 252, [] that the Ohio Constitution does not provide for a civil damage remedy.

* * *

{¶16} Pursuant to a plain reading of R.C. 2744.09, the Ohio legislature did not include an exemption from Chapter 2744 immunity for a private cause of action, sounding in tort, for an alleged violation of a person's rights under the Ohio Constitution or Ohio statutes. Moreover, Mr. Langin does not point this Court to any Ohio law allowing for a private cause of action, sounding in tort, based upon damages resulting from an alleged violation of an individual's rights under Article I, Section 2 and Article 1, Section 14 of Ohio's Constitution. While Mr. Langin now argues the Board should not enjoy immunity because it can hire private counsel and due to certain contractual obligations, he raises these arguments for the first time on appeal. *See Republic Steel Corp. v. Bd. of Revision of Cuyahoga Cty.*, 175 Ohio St. 179 (1963), ("Issues not raised in the lower court * * * cannot be raised for the first time on review.") As such, we decline to address these arguments.

{¶17} Therefore, based upon this record, we cannot say the trial court erred in dismissing Mr. Langin's damages claim.

{¶18} Accordingly, Mr. Langin's third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

**THE TRIAL COURT ERRED IN DENYING MR. LANGIN'S MOTION TO SUPPLEMENT THE RECORD, WHICH RESULTED IN A VIOLATION OF MR. LANGIN'S RIGHTS TO PURSUE HIS CLAIMS BOTH IN THE APPELLATE COURT AND TRIAL COURT.**

{¶19} In his fourth assignment of error, Mr. Langin argues the trial court erred in denying his motion to supplement the record. Due to our resolution of Mr. Langin's first and

second assignments of error, Mr. Langin's fourth assignment of error is moot.  *See* App.R. 12(A)(1)(c).

## ASSIGNMENT OF ERROR V

**THE TRIAL COURT IMPROPERLY PERMITTED MR. LANGIN TO RE-FILE HIS MATTER AS THE ABOVE-CAPTIONED MATTER, AS A RESULT OF AN IMPROPER DISMISSAL OF LORAIN COUNTY COURT OF COMMON PLEAS CASE NO. 17-CV-194118, WHICH RESULTED IN A VIOLATION OF MR. LANGIN'S DUE PROCESS RIGHTS TO PURSUE HIS CLAIMS BOTH IN THE APPELLATE COURT AND THE TRIAL COURT.**

{¶20}  In his fifth assignment of error, Mr. Langin attempts to challenge the trial court's January 7, 2020 judgment entry dismissing Case No. 17CV194118.   Mr. Langin, however, did not file a timely appeal from this judgment entry. Therefore, this Court is without jurisdiction to consider Mr. Langin's argument.  *See* App.R. 4(A).

{¶21}  Accordingly, Mr. Langin's fifth assignment of error is overruled.

### III.

{¶22}  For the reasons stated above, Mr. Langin's first, second, third, and fifth assignments of error are overruled.  Mr. Langin's fourth assignment of error is moot.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

ZACKORY W. LANGIN, pro se, Appellant.

MARK S. FUSCO, KATHRYN PERRICO, and MARIA PEARLMUTTER, Attorneys at Law, for Appellee.