[Cite as *Petty v. Lorain*, 2023-Ohio-4080.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

GARON F. PETTY

    Appellant

    v.

CITY OF LORAIN, OHIO

    Appellee

C.A. No.    23CA011949

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    21CV204977

DECISION AND JOURNAL ENTRY

Dated: November 13, 2023

SUTTON, Presiding Judge.

{¶1}    Plaintiff-Appellant Garon F. Petty appeals from the judgment of the Lorain County Court of Common Pleas, awarding summary judgment to Defendant-Appellee the City of Lorain. This Court affirms.

I.

Factual Background

{¶2}    The parties stipulated to the facts as follows:

{¶3}    On September 2, 2020, the City of Lorain Clerk of Council received certification from the Director of the Lorain County Board of Elections that a petition asking the question "shall a Commission be chosen to frame a Charter?" had received sufficient signatures to submit the question to the electors of the City of Lorain. The next day, on September 3, 2020, Lorain City Council passed Ordinance No. 76-20, which placed the question asked by the petition on the

November 2020 general election ballot. The question of whether a Charter Commission should be chosen was answered in the affirmative by the voters in that election.

{¶4} Fifteen people were chosen by the electors in the City of Lorain to comprise the Charter Commission. The Charter Commission drafted a Charter Document to be submitted to the electors during the November 2, 2021 general election.

{¶5} After the Charter Document was drafted, Lorain City Council passed Ordinance No. 117-21. Ordinance No. 117-21 gave authority to submit to the Lorain County Board of Elections the question "shall a charter, framed by the Lorain City Charter Commission that was elected November 3, 2020, be adopted in the City of Lorain effective January 1, 2022?".

{¶6} On July 16, 2021, Lorain City Council passed Ordinance No. 115-21. Ordinance No. 115-21 authorized the Clerk of Council to enter into an agreement with Super-Print, Inc. for print and mail services of the proposed Lorain City Charter Document to each elector who voted in the last general election in November of 2020. Section IV of the ordinance stated that the ordinance "is hereby declared to be an emergency measure necessary * * * to allow for timely mailing and preparations of all tasks necessary for the preparation, distribution and mailing of the document to the appropriate electors as described by the Ohio Constitution XVIII.08 for the upcoming November 2, 2021 General Election[.]" Per the Lorain County Board of Elections, 25,120 individuals voted in the 2020 general election in the City of Lorain.

{¶7} The proposed Charter was subsequently defeated in the November 2021 general election.

Procedural History

{¶8} On December 29, 2021, Mr. Petty, pro se, filed a complaint in Lorain County Common Pleas Court against the City of Lorain. The complaint sought declaratory judgment that

Lorain City Ordinance No. 115-21 violated Article XVIII, Section 8 of the Ohio Constitution. Mr. Petty subsequently retained counsel, and the complaint was amended on January 26, 2022. The amended complaint stated it sought "to resolve matters left unresolved and that have corrupted and impaired at least two attempts at Charter Government sought for the City of Lorain[.]" The complaint sought declarations from the trial court that the proposed Charter was to be mailed to every registered elector in the City of Lorain, not just the ones that voted in the last general election, and that Lorain City Council "unanimously, illegally, and unconstitutionally" passed Ordinance No. 115-21. The complaint also sought a permanent injunction against the City of Lorain "that such a 'poison pill' never again ever be employed against the electorate of the City of Lorain[.]" Mr. Petty alleged that the "constructive political poison pill" was the purposeful insertion of a constitutional defect into Ordinance No. 115-21.

{¶9} On May 2, 2022, the City of Lorain filed a motion to dismiss on the grounds that the amended complaint failed to state a claim upon which relief can be granted in violation of Civ.R. 12(B)(6), failed to state a short and plain statement of the claim in violation of Civ.R. (8)(A)(1), and failed to state a demand for judgment for the relief to which the party claims to be entitled in violation of Civ.R. 8(A)(2). On May 13, 2022, Mr. Petty filed a response in opposition to the motion to dismiss, and also filed a motion to declare Ordinance No. 115-21 unconstitutional.

{¶10} On June 14, 2022, the City of Lorain again moved to dismiss the complaint pursuant to Civ.R. 12(B)(1) and (7) because pursuant to R.C. 2721.12(A), Mr. Petty failed to serve or name the Ohio Attorney General. On June 16, 2022, Mr. Petty filed a praecipe for service of the amended complaint to the Ohio Attorney General. The Ohio Attorney General's office sent notice on July 7, 2022, that the office was electing not to participate in the litigation.

{¶11} On July 13, 2022, the City of Lorain answered the amended complaint, reiterating its position that the complaint failed to state a claim upon which relief could be granted. Due to counsel illness, the trial schedule was delayed. The parties filed join stipulations of fact on November 15, 2022.

{¶12} The trial court issued a final judgment entry on January 10, 2023. The trial court converted the City of Lorain's motion to dismiss and Mr. Petty's motion for judgment on the pleadings into motions for summary judgment, and granted summary judgment to the City of Lorain on the grounds that the complaint contained no justiciable controversy.

{¶13} It is from that judgment Mr. Petty now appeals, assigning one error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED IN ITS DECISION BY ASSERTING THAT NO JUSTICIABLE QUESTION FOR REVIEW EXISTS AND DECLARING THAT [MR. PETTY] CANNOT PROVE ANY SET OF FACTS ENTITLING HIM TO THE REQUESTED RELIEF. * * ***

{¶14} In his sole assignment of error, Mr. Petty argues the trial court erred in granting summary judgment to the City of Lorain on the grounds that no justiciable controversy existed. For the reasons that follow, we disagree.

Standard of Review

{¶15} The City of Lorain filed a motion to dismiss the complaint, and Mr. Petty filed a motion for judgment on the pleadings. After filing those motions, the parties submitted stipulations of fact to the trial court which were outside the pleadings. Therefore, the trial court converted both motions to motions for summary judgment, so that the documents outside of the pleadings could be considered.

{¶16} Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United*, Inc., 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor. *Perez v. Scripps-Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

## Justiciability

{¶17} Here, the trial court granted summary judgment in favor of the City of Lorain because Mr. Petty's complaint was "without a justiciable question for review[.]" "[S]tanding to sue is part of the common understanding of what it takes to make a justiciable case." *Federal Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 21, quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998). Standing has traditionally been referred to as "[w]hether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy[.]" *Id.*, quoting *Cleveland v. Shaker Hts.*, 30 Ohio St.3d 49, 51 (1987).

{¶18} This Court previously noted in *Langin v. Sheffield-Sheffield Lake Bd. Of Education*, 9th Dist. Lorain No. 20CA011710, 2022-Ohio-879, ¶ 9:

As aptly stated by the Supreme Court of the United States "[j]usticiability concerns not only the standing of litigants to assert particular claims, but also the appropriate timing of judicial intervention." [*Renne v. Geary*, 501 U.S. 312, 320 (1991).] Thus, "if a plaintiff lacks standing at the time the action commences, the fact that the dispute is capable of repetition yet evading review will not entitle the [plaintiff] to a [ ] judicial forum." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 191 (2000). "Standing doctrine functions to ensure, among other things, that the scarce resources of the [ ] courts are devoted to those disputes in which the parties have a concrete stake." *Id.*

**{¶19}** As such, "[t]he issue of standing is a threshold test that, once met, permits a court to determine the merits of the questions presented." *Langin* at ¶10, citing *Hicks v. Meadows*, 9th Dist. Summit No. 21245, 2003-Ohio-1473, ¶ 7. The Ohio Supreme Court has firmly held that to establish traditional, common-law standing, a party must show, at a minimum, that they have suffered "(1) an injury (2) that is fairly traceable to the defendant's allegedly unlawful conduct and (3) is likely to be redressed by the requested relief." *Ohioans for Concealed Carry, Inc., v. Columbus*, 164 Ohio St.3d 291, 2020-Ohio-6724, ¶ 12. These three elements are "the irreducible constitutional minimum of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Standing to Assert Constitutional Challenges to Statutes

**{¶20}** A party has standing to assert a constitutional challenge to a statute where the litigant shows "that he or she has suffered or is threatened with direct and concrete injury in a manner or degree different from that suffered by the public in general, that the law in question has caused the injury, and that the relief requested will redress the injury." *Kuhar v. Medina Cty. Bd. of Elections*, 9th Dist. Medina No. 06CA0076-M, 2006-Ohio-5427, ¶ 9, citing *State ex rel. Ohio Academy of Trial Lawyers v. Sheward,* 86 Ohio St.3d 451, 469-470, 1999-Ohio-123. Standing does not depend on the merits of the plaintiff's claim that the conduct is illegal or unconstitutional, but "whether the plaintiffs have alleged such a personal stake in the outcome of the controversy that they are entitled to have a court hear their case." *ProgressOhio.Org, Inc. v. JobsOhio*, 139

Ohio St.3d 520, 2014-Ohio-2382, ¶ 7. "Merely stating a cause of action upon which relief can be granted does not automatically confer standing upon a plaintiff to bring its suit." *Williams v. Ohio State A.G.,* 10th Dist. Franklin No. 97APE08-980, 1998 WL 212852 (Apr. 30, 1998).

{¶21} Although a declaratory judgment action generally precedes an actual injury, "a plaintiff must nonetheless demonstrate 'actual present harm or a significant possibility of future harm to justify pre-enforcement relief.'" *Ohioans for Concealed Carry, Inc.,* at ¶ 32, quoting *Peoples Rights Org., Inc. v. Columbus*, 152 F.3d 522, 527 (6th Cir.1998). An injury is required for common law standing, and the lack of standing precludes any consideration of a justiciable issue. "A matter is justiciable only if the complaining party has standing to sue." *Ohioans for Concealed Carry v. City of Columbus*, 10th Dist. Franklin No. 18AP-605, 2019-Ohio-3105, ¶ 11.

<u>Mr. Petty Lacks Standing to Bring Constitutional Challenge</u>

{¶22} On this record, we cannot say Mr. Petty has established he "has suffered or is threatened with direct and concrete injury in a manner or degree different from that suffered by the public in general, that the law in question has caused the injury, and that the relief requested will redress the injury[,]" as set forth in *Kuhar*, 2006-Ohio-5427, at ¶ 9. In his complaint, Mr. Petty has not shown a direct and concrete injury to himself. Mr. Petty makes no claim that the decision to only mail the Charter Document to electors who voted in the last general election has impacted him in any way. The proposed Charter was defeated and Mr. Petty does not allege he suffered an injury as a result of the defeat, or the defeat impacted him in any way. Additionally, Mr. Petty has not alleged that he was an elector who did not vote in the last election and therefore did not receive a copy of the proposed Charter Document.

{¶23} Mr. Petty has not alleged the requisite injury to establish standing to bring this action. Because Mr. Petty lacks standing, the complaint contained no justiciable controversy.

Accordingly, no genuine issue of material fact remains to be litigated and the City of Lorain was entitled to summary judgment as a matter of law.

**{¶24}** Mr. Petty's assignment of error is overruled.

### III.

**{¶25}** Mr. Petty's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, J.
CONCURS.

FLAGG LANZINGER, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

ROBERT J. GARGASZ, Attorney at Law, for Appellant.

DONALD M. ZALESKI and PATRICK D. RILEY, Attorneys at Law, for Appellee.